[No. 21149.   In Bank.—July 23, 1894.]

IN THE MATTER OF DAVID JONES, ON HABEAS CORPUS.

CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE—BIAS.—The only ground for a change of the place of trial of an action which has any relation to the judge of a court of record is the disqualification of the judge from acting, for some one of the reasons specified in section 130 of the Code of Civil Procedure, and bias or prejudice on the part of the judge is not ground for a change of the place of the trial.

ID.—IMMATERIAL AFFIDAVIT—CONTEMPT OF COURT.—An affidavit for the change of the place of trial, setting forth bias or prejudice on the part of the judge, is irrelevant and immaterial, and can form no excuse or justification for language and statements used in the affidavit constituting disorderly, contemptuous, and insolent behavior toward the judge of the court while holding the court; and such behavior may be punished as a contempt of court.

HEARING in the Supreme Court upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*John L. Boone,* for Petitioner.

*J. A. Cooper,* for Respondent.

MCFARLAND, J.—The petitioner, David Jones, asks to be discharged from the custody of the sheriff of the

county of Mendocino, and alleges that he is illegally imprisoned under an order of the superior court of said county adjudging him guilty of contempt of court.

It appears that upon the hearing in said court, of a motion made by petitioner Jones for the change of the place of trial of a certain civil action to which said petitioner was a party, the petitioner filed, presented, and read a certain affidavit, and that he was adjudged guilty of contempt for and on account of certain language and statements used and made in said affidavit. It is not necessary to set forth the affidavit here, but it is quite clear that it is of such a character that the act of petitioner in presenting it was disorderly, contemptuous, and insolent behavior toward the judge of said court while holding the same, and, as such, was a contempt of said court. If the matter of the affidavit had been material and relevant, and pertinent to any issue before the court, a different question might be presented. If bias, prejudice, or partiality on the part of a judge was a ground for a change of venue, a party seeking such change upon such ground would have the right to state in an affidavit the facts upon which he based his charges of such bias. But the only ground for a change of venue which has any relation to the judge of a court of record is found in subdivision 4 of section 397 of the Code of Civil Procedure, which is as follows: "When from any cause the judge is disqualified from acting," and the only disqualifications of a judge are those stated in section 170, by which he is disqualified when he is a party to, or interested in, the action pending, when he is related to either party or his attorney within the third degree, and when he has been an attorney for either party in the action. "These are the only causes which work a disqualification of a judicial officer." (*McCauley* v. *Weller*, 12 Cal. 524.) Bias or prejudice on the part of a judge is not a ground for a change of the place of trial. (*McCauley* v. *Weller*, 12 Cal. 500; *People* v. *Williams*, 24 Cal. 31; *People* v. *Mahoney*, 18 Cal. 186; *People* v. *Shuler*, 28 Cal. 495; *Hibberd* v. *Smith*, 39 Cal. 148.) The affidavit,

therefore, was entirely irrelevant and immaterial, and there is no excuse for, or justification of, its presentation.

The petitioner is remanded to the custody of the said sheriff, and the proceeding is dismissed.

GAROUTTE, J., BEATTY, C. J., and VAN FLEET, J., concurred.