[Crim. No. 387. Department One.—February 3, 1899.]

R. H. PATTERSON, Appellant, v. POLICE JUDGE'S COURT, CHARLES F. CONLAN, Judge, Respondent.

CRIMINAL LAW—PRELIMINARY EXAMINATION—DISQUALIFICATION OF POLICE JUDGE—EXPRESSION OF OPINION—ABSENCE OF SHOWING—PROHIBITION.—A police judge is not disqualified to act upon a preliminary examination of a defendant charged with a felony, merely because he has formed and expressed a fixed opinion as to the merits of the case, and in the absence of any showing of disqualification under the terms of section 170 of the Code of

Civil Procedure, as amended in 1897, a writ of prohibition will not lie to restrain him from acting upon such examination.

ID.—DISMISSAL OF INFORMATION NOT A BAR TO FURTHER PROSECUTION— JURISDICTION OF POLICE JUDGE.—The dismissal of one or more previous informations against the defendant constitutes no bar to a further prosecution against him for the same charge; and a police judge has jurisdiction of a subsequent preliminary examination of the defendant as the basis of a subsequent information upon the same charge.

ID.—OFFICE OF WRIT OF PROHIBITION—QUESTION OF JURISDICTION.—The office of the writ of prohibition is to restrain a judicial officer or other person from doing that which he has no jurisdiction to do; and it will not lie to restrain the exercise of judicial power to hear and determine a matter within the jurisdiction of a judge.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion.

William Hoff Cook, for Appellant.

Clarence Gray, Special Counsel, W. S. Barnes, District Attorney, and J. A. Hosmer, Assistant District Attorney, for Respondent.

GRAY, C.—This is an appeal from an order sustaining a demurrer to a petition for a writ of prohibition.

Appellant sets out in his petition that after three successive criminal proceedings had been instituted in the police court of the city and county of San Francisco, in each of which appellant was charged with the crime of assault with a deadly weapon upon one Barney Ward, and after one of these proceedings had been dismissed by the judge of the police court and the two others had each successively culminated in an order of the superior court granting appellant's motion to dismiss the information in the same, and after the grand jury had investigated and ignored a charge against appellant of this same offense, a fourth complaint has been filed against him on this same charge in the said police court, and that unless restrained from so doing Judge Conlan will proceed with a preliminary examination of such complaint. The petition also states that the respondent declared in open court that his mind was so fully

made up in relation to the charge set forth in the complaint that he felt disqualified to act upon said charge.

It is contended by appellant that respondent is disqualified for the reason that he has a fixed opinion as to the merits of the case and intends to hold him to answer. The fact that a judge of the police court has formed and expressed an opinion as to the merits of the matter that he is to determine does not disqualify him to hear and determine such matter. A judge is disqualified to act as such in an action or proceeding only: 1. When he is a party to or interested in the action or proceeding pending; 2. When he is related to either party or to his attorney or agent within the third degree; 3. When he has been an attorney in the action or proceeding; or, 4. When it appears from affidavits that either party cannot have a fair trial before any judge of a court of record by reason of the bias and prejudice of such judge. "These are the only causes which work a disqualification of a judicial officer." (*McCauley v. Weller*, 12 Cal. 524; *In re Jones*, 103 Cal. 397; Code Civ. Proc., sec. 170, as amended in 1897.)

Appellant's petition fails to disclose any of the foregoing causes of disqualification.

The dismissals of the various charges against appellant constituted no bar to a further prosecution against him. (Pen. Code, secs. 999, 1387; *Ex parte Clarke*, 54 Cal. 415.) The police judge, therefore, had jurisdiction of the last proceeding before him. The office of the writ of prohibition is to restrain a judicial officer or other person from doing that which he has no jurisdiction to do; and, it appearing that Judge Conlan had the power as judge of the police court to hear and determine the matter before him, the demurrer to the petition was properly sustained by the superior court.

We therefore advise that the order appealed from be affirmed.

Pringle, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.