[S. F. No. 1331.   In Bank.—October 25, 1900.]

## JOHN D. WORKS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, Respondent.

CONTEMPT—BIAS AND PREJUDICE OF JUDGE—MOTION FOR CHANGE OF JUDGE.—Since the amendment of 1897 to section 170 of the Code of Civil Procedure, making the bias and prejudice of the judge a ground of objection to his competency to try a cause, a party making such an objection may file affidavits in support of his motion for a change of trial judges without being guilty of a contempt, unless he purposely includes matters wholly irrelevant and immaterial, and which are justly offensive to the judge who must pass upon the motion.

ID.—HOSTILITY OF JUDGE TO ATTORNEY.—Since the passage of such amendment, an attorney at law who appears for a party objecting to a trial judge on the ground of his alleged bias and prejudice is not guilty of contempt in causing to be inserted in the moving affidavits the fact that he, as the attorney for the moving party in another case, had filed a brief in the supreme court which the trial judge had regarded as a reflection upon himself, and that the judge had since refused to speak to the attorney. Such fact, though by no means conclusive, is relevant and material on the question of bias and prejudice.

APPLICATION for a writ of *certiorari* to review an order of the Superior Court of San Diego County convicting the petitioner of contempt.   E. S. Torrance and J. W. Hughes, Judges.

The facts are stated in the opinion of the court.

Bradner W. Lee, and Ray P. Safford, for Petitioner.

A. H. Sweet, for Respondent.

BEATTY, C. J.—This is a proceeding by *certiorari* to review an order convicting the petitioner of a contempt of court. The return to the writ consists exclusively of a certified copy of the order adjudicating the petitioner guilty, with the recitals upon which it is based. It appears therefrom that the petitioner, as attorney for the San Diego Water Company in an action pending in the superior court, presented a motion that a judge from some other county be called in to try the cause, basing his mo-

tion partly upon what he claimed to be a legal disqualification of the San Diego judges, and partly upon the ground that his client could not have a fair trial before said judges, or either of them, by reason of their prejudice and bias. That in support of his motion he read to the court an affidavit which he had prepared and caused to be verified by an officer of the corporation, containing several statements of fact made positively and not on information and belief, which facts petitioner knew at the time he prepared and read the affidavit were not within the personal knowledge of the affiant. With respect to these statements, however, it is not found that they were in any respect untrue, and since they related to proceedings in other causes in the superior court of San Diego county to which the San Diego Water Company was a party, and to matters within the personal knowledge of the judges of that court (both of whom participated in making the order here under review), it must be concluded that the only objection to the affidavit on this score was that the statements in question, though true, should not have been made positively, but only upon information and belief.

Whether that fault in the affidavit would amount to a contempt of court need not be considered, because the further recitals preceding the order, and the order itself, show very clearly that it was for something entirely different and distinct from those statements that petitioner was found guilty.

To make this evident we quote the recitals which follow and the order based thereon:

"And, whereas, it further appears from the affidavit of J. M. Howells, presented and read as aforesaid to the court by the said John D. Works, that in two causes heretofore pending in this court, to each of which the said San Diego Water Company was a party, viz., *Albert Meyer v. The City of San Diego et al.,* and *The San Diego Water Company v. The City of San Diego et al.,* the said San Diego Water Company moved the said judge of Department One of this court for a change of the place of trial of said causes, on the ground that said judge was an interested party and therefore disqualified, which motion was overruled by said judge of Department One of this court. That said San Diego Water Company appealed from the said order denying its motion for a change of place of trial of said causes, and in

his brief, in support of its appeal, claimed that said judge was legally disqualified to try said causes, and that the circumstances were such that the said judge should, on his own motion, have called in another judge without an affidavit having been filed. That said judge, as affiant is informed and believes, claimed that said brief was a reflection upon him and complained to the supreme court of the same; that the attorneys for the city of San Diego and the Southern California Mountain Water Company (which was also a party to one of said causes) moved said supreme court to strike said brief from the files, on the ground that it was scandalous and impertinent, and that the said supreme court struck said brief from the files; and that, as affiant is informed and believes, said judge of Department One of this court claimed that he had been unjustly treated in the filing of said brief, and took personal offense thereat to such an extent that he has not since spoken to the senior attorney for said San Diego Water Company;

"And, whereas, the said John D. Works was the senior attorney for said San Diego Water Company, referred to in said affidavit of J. M. Howells, and was one of the attorneys who prepared and filed said brief in the supreme court of this state;

"And, whereas, said brief, filed in said supreme court as aforesaid, did in fact contain language which was scandalous and impertinent, reflecting upon the integrity and good faith of the said judge of Department One of this court in denying said motion for change of place of trial of said causes;

"And, whereas, the hearing of the present motion was continued by the court until to-day at 10 o'clock A. M., in order to hear the argument of counsel thereon, and the said John D. Works appeared on this day and orally argued said motion before the court, and at the close of his argument was given an opportunity by the court to explain his purpose and reasons for inserting in said affidavit of J. M. Howells the matters hereinbefore set forth and presenting the same for the consideration of the court, and the said John D. Works having been heard by the court in explanation thereof;

"And, whereas, the court finds that the said John D. Works, by incorporating in said affidavit of said J. M. Howells the

statement therein contained last above recited, and presenting and reading the same to the court, intended thereby to show his disrespect to the court, and especially to the judge of Department One of this court, and to improperly influence the decision to be made by the court upon the motion presented by him as aforesaid; and, whereas, said statement in said affidavit of J. M. Howells last above referred to was irrelevant and immaterial to any issue involved in the hearing of said motion:

"It is therefore considered, ordered, and adjudged by the court that the said John D. Works is guilty of a contempt of the authority of this court, and as punishment therefor it is considered, ordered, and adjudged that he pay a fine of two hundred and fifty dollars,. and that execution issue therefor."

According to the plain terms of this order the petitioner was convicted of a contempt of court because, and only because, he incorporated in the affidavit of Howells the statements concerning the brief filed by him in support of the appeal in another case to which the San Diego Water Company was a party. And the reference to that brief was held to be a contempt upon the ground that it was irrelevant and immaterial to any issue in the case.

The question to be decided, therefore, in passing upon the validity of the order is whether the matter objected to was irrelevant and immaterial to the issue. For it cannot be doubted that since the amendment of section 170 of the Code of Civil Procedure, adopted in 1897 (Stats. 1897, p. 287), any party to an action may object to a judge upon the ground that he is so prejudiced and biased as to be incapable of trying the cause fairly and impartially, and that he may support his objection by affidavit showing such bias. Having this clear legal right, neither the party nor his attorney can be held guilty of a contempt of court in making the objection or in supporting it by proof unless he goes out of his way to introduce something purposely and gratuitously offensive. This proposition is in effect conceded by counsel for respondent in his brief, where he says: "If these matters stated in the affidavit were pertinent to the issue to be determined by the court, and, as claimed by the petitioner in his petition for the writ of review issued in this proceeding, 'were presented to said court in

a respectful and proper way, and without intending a reflection upon or give offense to the judges of said court, or either of them, and with no other purpose or object than to secure to his said client a legal right to which he believed it to be entitled,' then it must be conceded that there could have been no contempt of court. But the trial court determined that these matters were not material to the issue; and such determination is supported by reason and authority."

There is no finding or recital or charge that the affidavit was presented otherwise than respectfully and properly, or with any other object than to secure the legal rights of petitioner's client, or with any intention to reflect upon or give offense to the judges of said court, or either of them, except in so far as an improper motive or intention can be inferred from the supposed irrelevancy and immateriality of the statements objected to. And so, we repeat, it is clear that the contempt charged and found consisted wholly in the insertion in the affidavit of matter irrelevant and immaterial to the issue.

This being, then, the sole question to be decided, we are constrained to say that our view of the case differs from that of the superior court. The fact that the petitioner, as attorney for the same corporation in another case, had filed a brief in this court which one of the judges regarded as a reflection upon himself, and that he had since refused to speak to petitioner, though by no means conclusive on the question of bias, was in our opinion relevant and deserving of consideration in connection with other facts. And it contained nothing reflecting upon the judge in any manner other than he is necessarily reflected upon by the mere allegation of prejudice and bias. That such an objection to the trial of a cause by a particular judge is in some sense a reflection upon him is undeniable, but if a party chooses to avail himself of his statutory right, this consequence cannot be avoided; and so long as the affidavits in support of the motion contain nothing clearly irrelevant and immaterial, they cannot be made the basis of a proceeding for contempt merely because they reflect upon the fairness of the judge. Their whole object is to prove his prejudice, and it is the express design of the statute that the moving party should

be allowed to sustain his allegation by evidence of any material fact.

In *Ex parte Jones*, 103 Cal. 397, the prisoner had been committed for a contempt of court in moving, before the amendment of 1897, for a change of the place of trial upon the ground of prejudice and bias of the trial judge, and reading an affidavit in support of his motion. In that case we said: "If the affidavit had been material and relevant, and pertinent to any issue before the court, a different question might be presented. If bias, prejudice, or partiality on the part of a judge was a ground for a change of venue, a party seeking such change upon such ground would have the right to state in an affidavit the facts upon which he based his charges of such bias."

Following this decision comes the amendment to the law making the bias and prejudice of the judge a ground of objection to his competency to try a case, and it follows that the party objecting must be allowed to file his affidavits in support of his motion without incurring the penalties of a contempt, unless he purposely includes matters wholly irrelevant and immaterial and which are justly offensive to the judge who must pass upon the motion. If, as in this case, the facts alleged are relevant to the issue, there can be no contempt.

The order under review is void, and is hereby set aside.

Van Dyke, J., Temple, J., and McFarland, J., concurred.