[Civ. No. 1406.   Third Appellate District.—September 22, 1915.]

## G. A. WEBB, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF DEL NORTE, and JOHN L. CHILDS, Judge Thereof, Respondents.

CONTEMPT—AFFIDAVIT TO DISQUALIFY JUDGE—RIGHT TO FILE WHEN MATERIAL TO ISSUES.—Under section 170 of the Code of Civil Procedure, as amended in 1897, an attorney for a litigant has a legal right by affidavit to allege any facts showing the bias or prejudice of the judge against his client and thereby disqualify him from hearing the case, and if such facts are material to the issues and state just grounds for disqualification, the attorney cannot be punished for contempt for inserting them in his affidavit, even though they may reflect upon the integrity and good faith of the judge.

ID.—MATERIAL AND IMMATERIAL FACTS—CONTEMPT.—In the case where the issue before the superior court for adjudication was the prejudice and bias of the judge toward petitioner's clients and their cause, a statement in an affidavit to disqualify the judge that "said John L. Childs did, on or about the 1st day of June, 1915, advise and direct said George W. Howe, attorney for plaintiff herein, in substance, to prepare and serve the necessary legal notices upon

defendant herein, noticing a certain motion to rescind and set aside a certain order extending time to answer the amended complaint herein," was material to the issue, and the petitioner was within his legal rights in making it, and could not be convicted for contempt in so doing; but the words in such affidavit "that said John L. Childs has been and now is unduly active in prospective litigation before this court," were not material to the issue, and as the words imported improper conduct on the part of the judge, the party was guilty of contempt in using them.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Certiorari directed against the Superior Court of Del Norte County and the Honorable John L. Childs, Judge thereof.

The facts are stated in the opinion of the court.

R. W. Miller, and James M. Hanley, for Petitioner.

H. M. Owens, for Respondents.

ELLISON, J. *pro tem.*—This is a proceeding by *certiorari* to review an order of the superior court of Del Norte County convicting the petitioner of a contempt of court. In a suit therein pending, entitled Santes *v.* Moseley, the petitioner, as attorney for the defendants, filed an affidavit alleging bias and prejudice on the part of the judge of the court against his clients and objected to his hearing the case. After citation and order to show cause said court adjudged the petitioner guilty of contempt of court for incorporating in and making part of said affidavit the following paragraph: "That affiant is informed and believes and upon such information and belief states, that said John L. Childs has been and now is unduly active in prospective litigation before this court, and in substantiation thereof further states that said John L. Childs did on or about the first day of June, 1915, advise and direct said Geo. W. Howe, attorney for plaintiff herein, in substance, to prepare and serve the necessary legal notice upon defendant herein noticing a certain motion to rescind and set aside a certain order extending time to answer, etc., the amended complaint on file herein, and such advice and direction on the part of the court manifestly shows bias and prejudice against these defendants and in favor of the plaintiff in this action.''

The court's finding in the order of commitment relative to the above paragraph is: "The said language in particular in this paragraph above set forth was then, at said date of filing same in this court, and is now, meant to reflect upon the integrity and good faith of the said court and said Judge John L. Childs thereof and was then, at said date of filing same in this court, and is now, intended to bring into disrepute the said Judge John L. Childs and the said court over which he presides."

Petitioner's position, as gathered from his brief, is: That, under section 170 of the Code of Civil Procedure, as amended in 1897 [Stats. 1897, p. 287], he has a legal right by affidavit to allege any facts showing the bias or prejudice of the judge against his client and thereby disqualify him from hearing the case, and if such facts are material to the issues and state just grounds for disqualification the party cannot be punished for contempt for inserting them in his affidavit "even though they may reflect upon the integrity and good faith of the judge."

We are of opinion that the above is a correct statement of the law, as announced by the supreme court of this state. What is proper to be set forth in an affidavit to disqualify a judge for bias or prejudice is thus stated in *Works* v. *Superior Court*, 130 Cal. 304, [62 Pac. 507]: "In *Ex parte Jones*, 103 Cal. 397, [37 Pac. 385], the prisoner had been committed for a contempt of court in moving, before the amendment of 1897, for a change of the place of trial upon the ground of prejudice and bias of the trial judge, and reading an affidavit in support of his motion." In that case it was said: "If the affidavit had been material and relevant and pertinent to any issue before the court, a different question might be presented. If bias, prejudice, or partiality on the part of a judge was a ground for a change of venue, a party seeking such change upon such ground would have the right to state in an affidavit the facts upon which he based his charges of such bias."

"Following this decision comes the amendment to the law, making the bias and prejudice of the judge grounds of objection to his competency to try the case, and it follows that the party objecting must be allowed to file his affidavits in support of his motion without incurring the penalties of a contempt, unless he purposely includes matters wholly irrelevant and which are justly offensive to the judge who must pass

upon the motion. If, as in this case, the facts alleged are relevant to the issue there can be no contempt.''

The issue before the superior court for adjudication was the prejudice and bias of the judge toward petitioner's clients and their cause. It was relevant and material to such issue that ''said John L. Childs did, on or about the first day of June, 1915, advise and direct said Geo. W. Howe, attorney for plaintiff herein, in substance, to prepare and serve the necessary legal notices upon defendant herein, noticing a certain motion to rescind and set aside a certain order extending time to answer to the amended complaint herein,'' and counsel was well within his legal rights in inserting the same in the affidavit filed to show bias and prejudice. Whether the facts as shown were sufficient or not to justify a finding of bias, they were pertinent to the issue, and for inserting them no judgment of conviction of contempt could properly follow. The words quoted above were immediately preceded by ''that said John L. Childs has been and now is unduly active in prospective litigation before this court.'' That this language imputes to the judge improper official conduct cannot well be doubted. It carried with it the meaning and conveyed the impression that the judge of the court has taken an interest in cases that had been and were pending before him in ways that were improper and unfair to litigants. The word ''undue'' is defined in English Law Dictionary as ''more than necessary; not proper; illegal.'' Unless counsel desired and intended to convey the impression that the judge was taking an improper or illegal interest in litigation, no reason can be suggested for inserting the words in the affidavit. He certainly was not trying to convey the impression that the ''interest'' manifested was proper or legal. In making the charge that the judge in the conduct of his office was guilty of improper acts, petitioner was guilty of contempt *unless it was material to the issue then before the court.*

The issue before the court was the bias and prejudice of the judge toward petitioner's clients. Proof that the judge was in the habit of taking an undue interest in cases generally, in cases in which petitioner's clients were not interested, would have no tendency to prove that he was biased against them.

That the statement was not pertinent or relevant to the issue before the court we entertain no doubt. It might be claimed, with some plausibility, that the words ''has been and

now is unduly active in prospective litigation," when considered with their context, referred and were intended to refer only to the judge's activity in the case then before the court. But this suggestion cannot be entertained. The finding of the court is based on the record and all the evidence introduced at the hearing. The evidence, thus considered, consists in part of the testimony of the petitioner given on the hearing, wherein he said: "The paragraph in question was dictated by me and the portion of it that recites that Judge Childs has been unduly active in litigation is based upon the findings of the sub-committee of the Judiciary Committee of the Assembly of the state of California." This testimony makes it clear that petitioner did not intend to charge "undue activity" only in the case then pending but misconduct generally of that character.

For the reasons herein stated we are of opinion that petitioner was not guilty of contempt of court in stating in the affidavit "that said John L. Childs did on or about the first day of June, 1915, advise and direct said Geo. W. Howe, attorney for plaintiff herein, in substance, to prepare and serve the necessary legal notices upon defendant herein noticing a certain motion to rescind and set aside a certain order extending time to answer, etc., the amended complaint on file herein."

We are also of the opinion that the findings of the court that the defendant was guilty of contempt of court in using the words: "That affiant is informed and believes and upon such information and belief states, that said John L. Childs has been and now is unduly active in prospective litigation before this court," and the finding that in the use of such language the accused "meant to reflect upon the integrity and good faith of said court and said John L. Childs, judge thereof, and was then at said date of filing same in the court, and is now intended to bring into disrepute the said Judge John L. Childs and the said court over which he presides," are fully sustained by the evidence.

The writ is denied.

Chipman, P. J., and Hart, J., concurred.