THE ASHLAND BANK & SAVINGS CO. ET AL. *v.* HOUSEMAN.

*Disqualification of judge — Stockholder in plaintiff company — Default judgment and order of foreclosure — Not void or subject to collateral attack — Causes for disqualification of judge — Section 1687, General Code (103 O. L., 417).*

1. A default judgment taken on promissory notes and for the foreclosure of the mortgage securing the same, entered by a judge who is interested in the cause or matter pending as stockholder in plaintiff company, if the proceedings are all regular, is not void and can not be collaterally attacked.

2. The grounds provided in the statute are the only ones disqualifying a judge in the trial of a cause or matter pending in his court. The clause "or is otherwise disqualified to sit in such cause or matter" brings into the statute all the common-law causes for which a judge may be disqualified, in addition to those enumerated in the statute, and the statutory remedy of filing an affidavit of prejudice applies to all of them.

(Decided November 22, 1915.)

ERROR: Court of Appeals for Ashland county.

*Messrs. Mykrantz & Patterson* and *Messrs. Semple & Sherick,* for plaintiffs in error.

*Messrs. McBride & Wolfe,* for defendant in error.

SPENCE, J. (of the Seventh District, sitting in place of HOUCK, J.).    The plaintiff below, Joseph W. Houseman, began this action in the court of common pleas of Ashland county against the plaintiffs in error, The Ashland Bank & Savings Company and Jacob Friedline, averring for his cause of action that on July 25, 1914, The Ashland Bank & Savings Company took a judgment against him on a cognovit note for the amount of $1,000 and interest, and caused the sheriff to levy upon and sell certain personal property for the payment of said judgment; that on the 25th day of July, 1914, The Ashland Bank & Savings Company began an action against him in the court of common pleas of Ashland county, Ohio, asking for a judgment on certain notes and a decree of foreclosure of the mortgage securing the same, and that on the 25th day of August, 1914, a judgment for $2,227.89 was rendered on said notes against the plaintiff and a decree of foreclosure was given on said mortgage.    Then the petition recites the sale of the mortgaged property.

Plaintiff further avers that on the 25th day of July, 1914, The Ashland Bank & Savings Company filed its petition in the court of common pleas of Ashland county, Ohio, against him, asking for judgment on certain notes and a decree of foreclosure of the mortgage securing the same; that on the 25th day of August, 1914, a judgment for $5,500 was rendered on said notes in favor of The Ashland Bank & Savings Company and

against the plaintiff, and that a decree of foreclosure was given of the mortgage securing said notes. The petition recites the sale of the mortgaged property, and then follows this averment:

"Plaintiff further says that each and all of said judgments, orders and decrees were taken before one William T. Devor, who was the common pleas judge holding court in Ashland county, Ohio, at each of the several times at which said decrees were rendered and given and that the said William T. Devor, judge as aforesaid, at the time of rendering each and all of said judgments, decrees and orders was wholly and completely disqualified to render said judgments for the reason that said Devor was at and prior to and ever since has been a stockholder of The Ashland Bank & Savings Company and was financially interested in the result of said judgment, and as such judge wilfully and without any authority to do so, being wholly disqualified by law, rendered said judgments in each and every instance as aforesaid."

Plaintiff below (Houseman) prays that each and all of said judgments may be vacated, set aside and held for naught, that the property sold be restored to him and that an accounting may be made to him for the use of the property, and he asks damages in the sum of $12,000.

The Ashland Bank & Savings Company, defendant below, by answer admits bringing the actions as alleged in the petition and the taking of the various judgments, orders and decrees of foreclosure of mortgages as alleged in the petition, admits the sale of the mortgaged property and that William T. Devor was the owner of ten shares of

stock, of the value of $100 each, in The Ashland Bank & Savings Company at and before the times that each of said judgments, orders and decrees of foreclosure were entered, and by way of answer says that the personal property sold for the payment of the judgment in the first action set up in the petition was sold by agreement between Joseph W. Houseman, The Ashland Bank & Trust Company and the sheriff, who held the execution, and that the proceeds of the sale were applied to the payment of the judgment.

As the third and fourth defenses The Ashland Bank & Savings Company sets up the judgments and orders of foreclosure in the two actions begun on July 25, 1914, and says that the proceedings in these cases were all regular and legal and that they are a bar to the plaintiff's claim.

The answer further avers that personal service of a summons in each of said cases was made on Joseph W. Houseman, that he failed to file answers or demurrers within the time provided by law, and that each of said judgments was entered by default.

The petition avers that Jacob Friedline claims some interest in the property located in Ashland. The court sustained a demurrer to the third and fourth defenses and the plaintiff filed a reply to the second defense.

This case was tried on the petition, the second defense of the answer, and the reply, to a judge of the court of common pleas of Ashland county, Ohio, who found in favor of the defendant on the first action set forth in the petition, and in favor of this plaintiff on the second and third ac-

tions set forth in the petition, and directed that the judgments, orders and decrees set forth in said actions be, and the same were, set aside, vacated and held for naught, for the reason that at the time of the rendition of the same by one William T. Devor, then judge of the court of common pleas of Ashland county, Ohio, the said William T. Devor was a stockholder in the said The Ashland Bank & Savings Company.

Counsel for all parties to this action agree that the only question here presented for the consideration and determination of this court is whether the judgments, orders and decrees in said actions set forth in the petition are void because William T. Devor, a judge of the court of common pleas in and for Ashland county, Ohio, was a stockholder in The Ashland Bank & Savings Company at the time he entered said default judgments, orders and decrees.

The question is made in this case by the court sustaining demurrers to the third and fourth grounds of the answer and upon the trial and judgment or finding of the court. While the question is here presented in different forms, first upon the court sustaining the demurrer and second upon the trial and judgment or finding of the court, it all goes to the one question, Were the judgments, orders and decrees of the court void because of the interest of Judge Devor in The Ashland Bank & Savings Company?

Counsel for plaintiffs in error contend that this action is a collateral attack upon the judgments set forth in the petition, that at most they are only voidable, and that if only voidable they can

not be collaterally attacked, which is clearly the law.    Counsel for defendant in error contend that the judgments are absolutely void and can be collaterally attacked, which contention is true if the judgments are void and not merely voidable.

Counsel for Houseman earnestly contend that the question of the right of a judge to enter judgment in a cause in which he is interested, has been determined by the supreme court in the case of *Gregory* v. *The Cleveland, Columbus & Cincinnati Rd. Co.,* 4 Ohio St., 675.    In that case two of the judges of the court of common pleas were stockholders in a railroad company which was seeking to appropriate property for a right of way.    These interested judges appointed appraisers to fix and determine the value of the land to be appropriated and to fix and determine the benefits from the road to the landowner.    The court appointing the appraisers received their report, to which report Gregory filed a motion to set aside for several reasons, one of which was that two of the judges of the court of common pleas which appointed the appraisers or commissioners were stockholders in the railroad company.    The court refused to set it aside, but certified it to another county for hearing by a judge of that county, where the report was approved and confirmed by the common pleas court, from which finding Gregory prosecuted error to the district court, which court reversed the finding of the common pleas court, and from the decision of the district court the railroad company prosecuted error to the supreme court, which court affirmed the judgment of the district court.    In

his opinion in the *Gregory case,* Kennon, J., at page 678, says:

"The statute confers on the court, and upon the court only, the power of selecting the men who shall decide the facts in the case, who determine how much benefit the road will be to the landholder, and how much damages he will sustain by the appropriation. * * * There are few subjects upon which men are more likely to differ in opinion, and few cases in which an interested judge, in the mere selection of the commissioners, could (if he chose to do so) more effectually injure the landholder, and that, too, without redress, if his judgment could not be reversed without showing actual error in the proceedings."

In his conclusion Judge Kennon says:

"We think, for the administration of justice, the safe way is, in all cases, for interested judges to decline acting in such cases; and where it appears, on the record, that they were interested, and acted on questions of fact, and especially when they were to select the jury who try the facts, they should refuse to sit, and make known their interest at the earliest stage of the proceedings, that the case may, under our statute, be transferred to an adjoining county."

It is not stated either in the syllabus or the opinion that the judgment is void, but it is simply reversed for error. It will be seen that the facts in the *Gregory case* are entirely different from the facts in the case at bar, where Judge Devor made only a formal entry in a case where the facts were determined by statute and he had no discretion in the case. Section 11281, General Code, provides:

"When the action is for the recovery of money only, there must be indorsed on the writ the amount stated in the precipe, for which, with interest, judgment will be taken if the defendant fails to answer. If the defendant fails to appear, judgment shall not be rendered for a larger amount, and the costs."

Section 11383, General Code, provides for entering a default judgment as follows:

"In an action upon an account, or written instrument for the payment of money only, or in foreclosure, judgment may be entered at any time during the term after the defendant is in default for an answer, unless, for good cause shown, the court gives further time to answer."

There is no contention that the proceedings in the cases set forth in the petition were not in every respect regular and legal, and that the defendant was not in default for answers at the time the judgments, orders and decrees were entered. The code gave the court authority to enter judgments, orders and decrees, and also fixed the amount for which the default judgments should be entered. All that the judge could do was to make the formal entry as directed by statute. The only discretion given to the court by the statute is, on good cause shown, to give further time to answer, which was not asked for in these cases. In *Van Ingen* v. *Berger,* 82 Ohio St., 255, Spear, J., at page 260, commenting on now Section 11383, General Code, says:

"It would seem not to require argument to show that the statute and the rights of parties under it can not be abridged by a rule of court."

In the *Gregory case* Judge Kennon quotes the old English maxim, "No man may be judge in his own cause," and also refers to the case of *Pearson* v. *Atwood,* 13 Mass., 324, and says:

"The plaintiff brought an action of trespass against the defendant, for arresting the plaintiff, on a warrant held by the defendant as constable * * * that, by the laws of Massachusetts, a moiety of the fine went to the town in which the justice resided, and that, therefore, he was interested."

The court did not find it necessary in the case to hold the act of the justice wholly void. This case is an authority against the contention of counsel for defendant in error that the judgments are wholly void.

In the case of *Probasco* v. *Raine, Auditor,* 50 Ohio St., 378, Burket, J., at page 392, says:

"A probate judge acts judicially in the appointment of guardians and administrators, and receives a fee for each appointment, and yet such fee does not disqualify him from acting in the premises. A justice of the peace acts judicially and is paid therefor by fees collected from litigants before him, and while his mind may be biased in particular cases, it can not be claimed that he is thereby disqualified from discharging his judicial duties. A judge who is a large taxpayer in his county or city, is not thereby disqualified from sitting in judgment in cases against his county or city."

This conclusion is the reverse of that reached by the court in the Massachusetts case above referred to.

In Cooley's Constitutional Limitations (7 ed.), page 595, the author says: "Mere formal acts necessary to enable the case to be brought before a proper tribunal for adjudication, an interested judge may do."

There are many cases holding that it is not error for an interested judge to make a formal entry in a case. In *County of Floyd* v. *Cheney,* 57 Ia., 160, 10 N. W. Rep., 324, the second clause of the syllabus reads:

"A decree [of foreclosure] entered by default [and without mutual consent], by a judge who had been attorney for one of the parties in the transaction, is not for that reason, void."

Rothreck, J., at page 162, says:

"By Section 2685, of the revision of 1860, which was in force when the plaintiff's foreclosure was had, a judge was disqualified from acting as such in any case where he had been an attorney for either party in the action, unless by the mutual consent of the parties. It does not appear that Collins, the party defendant to the foreclosure, appeared to the action. If he did not, but was in default, his default was an admission of the cause of action, and that something was due on the debt secured by the mortgage. Under these circumstances, the amount of the judgment is usually ascertained by the clerk, and the decree is entered as a matter of form. * * * We do not think the decree was void, presuming, as we may, that it was entered by default."

The amount for which judgment shall be entered in an action for money only in this state is

fixed by the code, and the judgment or decree is entered as a matter of form.

The correct conclusion in this case will not be advanced by a consideration of the common-law rules or by a review of the decisions in other states, as the matter is controlled in this state by statute and we must look to the statutes for its proper solution.

Section 1687, General Code, as amended April 29, 1913 (103 O. L., 417), was in force when the original actions were begun, and provides as follows:

"When a judge of the common pleas court or of the superior court of Cincinnati is interested in a cause or matter pending before the court in a county of his district, or is related to, or has a bias or prejudice, either for or against, a party to such matter or cause, or to his counsel or is otherwise disqualified to sit in such cause or matter, on the filing of an affidavit of any party to such cause or matter, or of the counsel of any party, setting forth the fact of such interest, bias, prejudice or disqualification, the clerk of the court shall enter the fact of the filing of such affidavit on the trial docket in such case and forthwith notify the chief justice of the supreme court, who shall designate and assign some other judge to take his place. Thereupon the judge so assigned shall proceed and try such matter or cause."

The statute, after stating a number of causes for which a judge may be disqualified, contains this clause: "Or is otherwise disqualified to sit in such cause or matter."

This clause necessarily brings into the statute all the common-law causes for which a judge may be disqualified in addition to those enumerated in the statute, and applies the statutory remedy to all of them; that is, by filing an affidavit containing one or more of the causes for disqualification of a judge, under the statute it is not the existence of any of these causes, but the filing of the affidavit, which disqualifies the judge. If the remedy provided by statute is not sufficiently broad to cover all cases that may arise, the relief is with the legislature and not with the courts.

In *Patterson* v. *Conlan, Judge,* 56 Pac. Rep., 105, (123 Cal., 453), it is held:

"The causes enumerated by Code Civ. Proc. Sec. 170, as amended in 1897, are the only ones disqualifying a judge."

In *The State* v. *Moore,* 121 Mo., 514, 26 S. W. Rep., 345, it is said:

"A trial judge can only be disqualified from sitting in a cause by reason of the existence of some one or more of the causes mentioned by Section 4174, Revised Statutes, 1889, and by a compliance with its provisions."

In *Probasco* v. *Raine, Auditor,* 50 Ohio St., 378, Burket, J., at pages 392 and 393, says:

"Almost every officer in this state is more or less, directly or indirectly, interested in the result of the duties by him performed, whether ministerial or judicial, but such interest does not disqualify him from performing his official duties, unless the legislature has by statute so provided."

It is argued by counsel for defendant in error that Houseman did not know of the existence of

the causes at the time the judgments and decrees were entered. We have failed to find any such an allegation in the petition, or any such evidence in the record, as he was not called as a witness. Judge Devor was one of the regular judges in that judicial district, holding court in Ashland county, and from anything that appears in the record Houseman knew at and before the time the judgments and decrees were entered that Judge Devor was a stockholder in The Ashland Bank & Savings Company.

It is our conclusion that all the judgments, orders and decrees in the cases set forth in the petition are not void, and can not be collaterally attacked, as in this proceeding; that the remedy provided by statute, in case of a judge who is interested in a cause or matter pending before the court in one of the counties of his district, is exclusive and must be followed, or it is waived by the parties.

The judgment of the court of common pleas will be reversed and final judgment rendered for plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

SHIELDS and POWELL, JJ., concur.