**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 22, 2017**

# In the Court of Appeals of Georgia

A16A1877. LEWIS v. GRADY MEMORIAL HOSPITAL CORPORATION, INC.

MERCIER, Judge.

Jovan Lewis filed a complaint against Grady Memorial Hospital Corporation, Inc. f/k/a The Fulton-DeKalb Hospital Authority d/b/a Grady Health System ("Grady Memorial"), based on theories of premises liability, ordinary negligence, and professional negligence, in connection with a sexual assault and battery allegedly committed upon her when she was a patient at the hospital Grady Memorial owned and operated (the "hospital"). Lewis's complaint alleged, essentially, that Grady Memorial was liable because a hospital employee failed to properly monitor a hallway leading to Lewis's private room and, as a result, another patient was able to enter the room and assault her. Grady Memorial moved for summary judgment on all of Lewis's

claims, asserting the claims were precluded as a matter of law by the common law doctrine of charitable immunity. The trial court granted the motion, and Lewis appeals. Because the evidence does not establish as a matter of law that Grady Memorial extended charity to Lewis, or that the "paying patient" exception to the doctrine of charitable immunity does not apply here, we reverse.

Lewis contends that the trial court erred by granting summary judgment to Grady Memorial based on charitable immunity, because Grady Memorial failed to prove that it extended charity to her. We agree that a genuine issue of material fact exists in this regard, precluding summary judgment.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. This Court reviews de novo a grant or denial of summary judgment, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Avion Systems v. Bellomo*, 338 Ga. App. 141, 142 (1) (789 SE2d 374) (2016) (citations omitted).

> It has long been the rule in Georgia that "an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and servants, or fails

to exercise ordinary care in retaining such officers and employees." There is, however, an exception to the doctrine of charitable immunity. "Where a patient in such an institution is not the recipient of its charity, but is able to pay and does pay for the services, and is injured on account of carelessness, negligence, or incompetence of an officer or employee of the institution, the corporation is liable therefor."

*Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517, 518 (1) (385 SE2d 436) (1989) (citations and punctuation omitted); see *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 834 (1) (353 SE2d 515) (1987). In other words, "a charitable hospital may be liable for negligence to a paying patient." *Fulton-DeKalb Hosp. Auth. v. Fanning*, 196 Ga. App. 556, 557 (1) (396 SE2d 534) (1990) (emphasis and citations omitted). Where "the hospital produce[s] evidence that it had extended its charity to the patient, "the burden shift[s] to [the patient] to produce evidence showing that the patient came within the exception to the charitable immunity doctrine and that [s]he was a 'paying patient' with a secondary source for paying the [charges]." Id. at 559. Under the "paying patient" exception to the doctrine, "[a] charitable institution may not assert the immunity against a person who (1) enters the hospital under an agreement to pay for services, (2) is able to pay for services, and (3) does pay for services."

3

*Bagley v. Fulton-DeKalb Hosp. Auth.*, 216 Ga. App. 537, 539 (2) (455 SE2d 325) (1995) (citation omitted).

In this case, viewing the evidence most favorably to Lewis as non-movant on summary judgment, the record discloses the following. Lewis was admitted to the hospital on June 23, 2010 for mental health treatment. On that date, she executed an "Authorization of Treatment" form, which pertinently provided: "I understand and agree that I am financially responsible for any charges not covered by this assignment [to Grady Memorial of any Medicaid, Medicare, or insurance payments] and agree to pay the full balance that is not payable by medical insurance plan...." Lewis received in-patient treatment at the hospital through June 29, 2010. The charges totaled $10,172.98.

Lewis deposed that, at the time of her hospitalization in 2010, she was employed and had health insurance coverage through her employer. Her testimony is not clear as to whether she provided the hospital with her insurance information or if the hospital verified her insurance coverage during that hospitalization. Lewis testified that she believed her health insurance would pay and did pay for her treatment. Lewis deposed that the hospital sent bills for the treatment to her residence, but that it was no longer sending them.

In 2012, Lewis's account with the hospital had an outstanding balance of $10,172.98. Beginning around 2012, Lewis's attorney gave the hospital Lewis's health insurance information and requested that the hospital submit an insurance claim for the hospitalization. The hospital then submitted an insurance claim for the full amount of the bill, but the insurer apparently denied the claim (the reason for which is not clear from the record). In May 2014, Lewis's attorney tendered to the hospital the outstanding balance on the account ($10,172.98), which payment the hospital accepted. Lewis thereafter filed this renewal action.[1]

In its motion for summary judgment, Grady Memorial asserted it was immune from suit because it had extended charity to Lewis, maintaining that Lewis had not agreed, arranged, expected or intended to pay the charges, and she was unable to pay the charges.

However, the record contains evidence that Lewis entered the hospital under an agreement to pay for her treatment. See *Morton v. Savannah Hospital*, 148 Ga. 438, 440 (96 SE 887) (1918), cited in *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga.

---

[1] Lewis had filed a complaint arising from the same incident against Grady Memorial in June 2012, but dismissed that complaint without prejudice in November 2013.

5

App. 167, 167-168 (384 SE2d 205) (1989). Compare *Walker v. Fulton-DeKalb Hosp. Auth.*, 200 Ga. App. 750, 750-751 (2) (409 SE2d 529) (1991) (despite hospital's designation in its admission record that patient was a "full pay patient," as designated by an "X," there was no showing that she entered the hospital under an agreement to pay for services). Lewis also deposed that she had health insurance at the time of her admission and believed that it would pay for her treatment. In 2012, Lewis's account showed a balance of the full amount of the charges, and the hospital accepted payment of the charges. Although Grady Memorial points to an affidavit in which its witness stated that the hospital had "written off" the charges, the record does not show when the charges were written off or why (e.g., for a charitable purpose versus some other purpose). See generally *Fanning*, supra. As explained in *Fanning*, a patient who is able to pay charges but refuses to do so is not a charity patient – such charges constitute a bad debt. Id. at 558-559. Nor is a patient who is herself unable to pay, but whose total expenses are paid by some other source, a charity patient, as the charges are not borne by the public as an expression of charity. Id. Grady Memorial did not meet its burden of proving, as a matter of law, that Lewis was a recipient of its charity. See generally id.

Lewis also contends that the "paying patient" exception to the charitable immunity defense applies here, regardless of the fact that the bill was paid on her behalf by a third party (her attorney). The trial court based its grant of summary judgment on its conclusion that the Lewis was not a "paying patient" because the payment was made by her attorney. Importantly, it was in the first instance Grady Memorial's burden to produce evidence that it extended its charity to Lewis; only then did the burden shift to Lewis to produce evidence showing that she came within the exception to the charitable immunity doctrine as a "paying patient." See *Fanning*, supra at 559 (1); *Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517, 518-519 (1) (385 SE2d 436) (1989). Given that Grady Memorial did not meet its burden of proving it extended its charity to Lewis, the burden did not shift to Lewis to prove that the payment of the bill in full satisfied the "paying patient" exception to the charitable immunity defense. See *Fanning*, supra.

Nonetheless, Grady Memorial failed to show that it was entitled to judgment as a matter of law on the issue of whether Lewis was a "paying patient." Notably, this Court has held that the "paying patient" exception can be applied to Grady Memorial. See *Fulton-DeKalb Hosp. Auth. v. Alexander*, 193 Ga. App. 505, 506 (1) (388 SE2d 372) (1989).

7

There was evidence that Lewis entered the hospital under an agreement to pay for treatment, that she was able to pay for treatment (she was employed and had health insurance), and that the charges were paid in full. The "paying patient" exception may apply even where the payment was made by an entity other than the patient herself or her health insurance provider. See *Fanning*, supra at 557 (1) (in determining that appellant was not a "paying patient," this court noted that "[n]one of the[] charges was paid, either by decedent's administratrix, by insurance, or otherwise"); *Cutts*, supra at 518 (1) (affirming grant of judgment notwithstanding verdict where undisputed evidence of record showed that hospital extended its charity to patient; "[t]here was no evidence that the [charge] *was* paid or payable from any secondary source and was *not* charitably absorbed by appellee Hospital."). The costs of Lewis's care were paid in full – they were not charitably absorbed by the hospital or borne by the public as an expression of charity. See *Fanning*, supra at 559.

Grady Memorial argues that it "would be a fair extension of the case law" to hold that the "paying patient" exception can only be satisfied where the patient, her family member, or friend made the payment "in the ordinary course of paying medical bills." Grady Memorial cites *Patterson*, supra, to support its position that the paying patient exception applies only where the payment came from a source to which the

8

patient contributed. However, in *Patterson*, the fact that the patient had not personally contributed to the partial payment made on the bill was just one part of the Court's analysis. In that case, the evidence established that the patient had been admitted without any agreement to pay and did not have assets sufficient to pay, and that only a portion of the charges had been paid. *Patterson*, supra at 168. Thus, *Patterson* is distinguishable and Grady Memorial's reliance thereon for the stated principle is misplaced.

Although Grady Memorial points to evidence that contradicts some of the evidence relied upon by Lewis, it has not shown that it was entitled to charitable immunity as a matter of law. Genuine issues of material fact remain regarding whether Lewis was the recipient of the hospital's charity, and whether Lewis comes within the paying patient exception to the charitable immunity doctrine. The motion for summary judgment should have been denied. See generally *Morton*, supra at 441. Compare *Patterson*, supra at 168.

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*

9