25971. ROBERTSON, administrator *v.* EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

STEPHENS, P. J. 1. Although an institution which is chartered as a hospital for the treatment of sick people is established primarily as an eleemosynary or charitable institution, yet where in its operation it takes pay patients and charges them for its services, the institution is liable to a patient who pays for the services rendered, for injuries to the patient while in the hospital, caused from the negligence of the institution; but the recovery would be restricted to the income derived from the pay patients or from other non-charitable sources.

*Morton* v. *Savannah Hospital*, 148 *Ga.* 438 (96 S. E. 887); McKay *v.* Morgan Memorial Stores, 272 Mass. 121 (172 N. E. 68); Gamble *v.* Vanderbilt University, 138 Tenn. 616 (200 S. W. 510, L. R. A. 1918C, 875).

2. Where it is alleged in a petition that the plaintiff was a pay patient of the defendant, that the defendant, Executive Committee of the Baptist Convention of Georgia, a corporation, owned and operated an institution known as the Georgia Baptist Hospital, which was operated for pecuniary gain, receiving payment for treatment and charging therefor, that the plaintiff while a patient in the hospital was injured as a result of the negligence of the agents and servants of the defendant in permitting the plaintiff, who was in a helpless condition, to fall from a chair and sustain personal injuries, the petition set out a cause of action. This is true notwithstanding a general judgment is prayed for in the petition and the recovery is not by the petition limited to the income derived from pay patients.

3. Where it appeared from the evidence that the defendant maintained and operated the Georgia Baptist Hospital as a place for the treatment of sick people, and charged for such services, but, in instances where patients were unable to pay, the defendant received and treated them as charity patients, that the cost of treating charity patients came out of the income derived from the pay patients, that there were no stockholders of the institution and none of the income derived from the treatment of patients went to profits, but was used to defray the expenses of operating the hospital, including the treatment of the pay patients and the charity patients; and where it appeared that the plaintiff received physical injuries, as alleged in the petition, resulting from the negligence of the agents and servants of the defendants, the evidence was sufficient to support the allegations of the petition.

4. The court erred in dismissing the case on the pleadings and the evidence.    *Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 11, 1937.

*H. W. McLarty, L. H. Fowler, Henry H. Cobb,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for defendant.

