33064. COMMUNITY HOSPITAL INCORPORATED *v.* LATIMER.

WORRILL, J. 1. Where in this suit by a minor through a next friend against the defendant for injuries negligently inflicted on such minor by a servant or employee of the defendant acting in the performance of the defendant's business, the evidence upon the trial of a special plea in bar showed that the plaintiff and others had patronized the defendant hospital as paying patients under agreements to pay stipulated sums for all services rendered, but that the defendant hospital was chartered to "be operated solely and only as a charitable organization and for the purpose of furtherance of aid to the general welfare and public health of said community, and organized solely with charitable purposes and a non-profit organization insofar as any of its stockholders, contributors or donors are concerned," and that no profit, dividends or pecuniary gain should "ever enure or come into the hands of any stockholder, incorporator, association, donor or contributor of said hospital," and that the defendant is permitted by its charter "to receive any patients in said hospital, but any such funds or profits made, received from such patient shall be paid solely and only into the treasury of said hospital for the use solely to extend further charitable work of said organization," such facts did not demand a finding for the defendant and in favor of the plea that the defendant was a charitable organization and not liable for the torts or negligence of its servants, and this is true although there was no allegation or proof that the defendant corporation had failed to exercise ordinary care in the selection of competent officers and servants, or had failed to exercise ordinary care

in retaining such officers and employees, and the trial court, having directed a verdict in favor of the defendant did not thereafter err in granting a proper motion for a new trial. *Morton* v. *Savannah Hospital* 148 *Ga.* 438 (96 S. E. 887); *Robertson* v. *Executive Committee of the Baptist Convention,* 55 *Ga. App.* 469 (190 S. E. 432).

2. In the absence of evidence demanding the verdict found, the first grant of ·a new trial is not error. Code, § 6-1608.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED OCTOBER 19, 1950. REHEARING DENIED DECEMBER 14, 1950.

*Boykin & Boykin,* for plaintiff in error.
*Willis Smith, Howard, Tiller & Howard,* contra.