46988.   MACK v. BIG BETHEL A. M. E.
CHURCH, INC.

EBERHARDT, Judge. Mrs. Birda Mack brought suit for personal injuries allegedly sustained in a fall on rotten steps at residential premises which she rented from the

defendant church corporation. Discovery procedures followed, and defendant moved for summary judgment claiming charitable immunity, contending that it was a charitable, nonprofit corporation and had no assets other than charitable assets. Plaintiff amended her complaint alleging that defendant had noncharitable assets which consisted at least of the rental duplex located on Wabash Avenue, Atlanta, where she was injured as a tenant, as well as commercial property on Auburn Avenue, Atlanta, and that defendant was liable to her to the extent of the noncharitable assets.

There is no dispute that defendant is a charitable, nonprofit corporation for purposes of the charitable immunities doctrine; that it had no liability insurance; that it did own the rental duplex on Wabash Avenue, which had formerly been a parsonage, as well as the rental property on Auburn Avenue; and that these properties were not on church grounds but were income-producing properties from which defendant received $10,500 average annual gross income.

The trial court granted summary judgment for defendant, and plaintiff appeals. *Held:*

The only issue in this appeal is whether income-producing real estate, not used directly in charitable activities, is a noncharitable asset. By analogy to cases involving suits against charitable hospitals, we must conclude that it is and that defendant is liable to the extent of such noncharitable assets. In the hospital cases it is held that a paying patient can recover from the hospital for the negligence of its servants to the extent of income derived from noncharitable sources, which in those cases consists of income derived from noncharitable pay patients. *Morton v. Savannah Hospital,* 148 Ga. 438 (3, 5) (96 SE 887); *Robertson v. Executive Committee of the Baptist Convention,* 55 Ga. App. 469 (190 SE 432); *Community Hospital v. Latimer,* 83 Ga. App. 6 (62 SE2d 379); *Hospital Authority of the City of Marietta v. Misfeldt,* 99 Ga. App. 702 (109 SE2d 816). See also *Executive Committee of the*

*Baptist Convention v. Ferguson,* 95 Ga. App. 393, 399 (98 SE2d 50), reversed on other grounds 213 Ga. 441 (99 SE2d 150).

Hence the test is not the use to which the income is put, but the nature of the source from which the income is derived. This is the same test applied in determining the taxability of property. "The scheme of exemption as to other than public property seems to be this: to exempt all that is used immediately and directly as a part of the establishment in the conduct of the regular business there carried on, but not such as may be devoted to other uses, such as farming, merchandising, manufacturing, etc., and from which profit or income is derived. It is the use of the property which renders it exempt or non-exempt, not the use of the income derived from it. [Citations omitted.] Property used to produce income to be expended in charity is too remote from the ultimate charitable object to be exempt. If property is allowed to be used as taxed property, it also is to be taxed. If it competes, in the common business and occupations of life, with the property of other owners, it must bear the tax which theirs bears. Thus, if even a synagogue or a church were rented out during the week for a storeroom or a shop, though divine service might be performed in it on Saturday or Sunday, and though the rents were all appropriated to religious or charitable uses, its exemption would be lost." *Trustees of Academy of Richmond County v. Bohler,* 80 Ga. 159, 163 (7 SE 633); *Rabun Gap-Nacoochee School v. Thomas,* 228 Ga. 231, 237 (184 SE2d 824). It has been held that since the public welfare is a dominant consideration as to both the exemption from taxation and immunity from suit, and that it is the prerogative of the legislature to declare the policy of the State touching the general welfare, the test as to whether property is subject to execution of a judgment is whether the property is subject to taxation. Baptist Memorial Hospital v. Couillens, 176 Tenn. 300 (140 SW2d 1088). The rental property under consideration

here would not be exempt from taxation (Constitution of 1945, Art. VII, Sec. I, Par. IV (*Code Ann.* § 2-5404); *Code Ann.* § 92-201; *Trustees of Academy of Richmond County v. Bohler,* 80 Ga. 159, supra; *Church of God of Union Assembly, Inc. v. City of Dalton,* 216 Ga. 659 (119 SE2d 11); *Rabun Gap-Nacoochee School v. Thomas,* 228 Ga. 231, supra) and, applying the above test, could not be classified as a charitable asset immune from execution of a judgment. Hence defendant has not carried its burden of showing that it has no assets other than charitable assets as asserted in the motion for summary judgment, and the judgment sustaining it must be

*Reversed. Bell, C. J., and Evans, J., concur.*
SUBMITTED MARCH 7, 1972—DECIDED MARCH 16, 1972.

*Moffett & Henderson, John Walton Henderson, Jr.,* for appellant.
*Westmoreland, Hall & Bryan, C. Wilbur Warner, Jr.,* for appellee.