## MORTON *v.* SAVANNAH HOSPITAL.

1. The Savannah Hospital chartered by the General Assembly (Acts of 1835, pp. 130, 132, amended, Acts of 1872, p. 256) is authorized and empowered thereby to conduct an institution eleemosynary in character for the public benefit. It was not the intention of the legislature that the business so conducted might be for the pecuniary gain or benefit of its managers, officers, or others.

2. The intention of the legislature in chartering the corporation described in the preceding headnote is fixed and determined by the acts above referred to. In a suit brought against the corporation by a patient, as stated in the second question propounded by the Court of Appeals, the charter provisions are controlling, notwithstanding allegations in the petition.

3. Under circumstances as enumerated in the third question (although the hospital is a charitable institution, and the general rule is that charitable trust funds are not to be depleted by subjection to liability for negligence) the corporation would be liable, but a recovery would be restricted to income derived from non-charitable sources.

4. With the exception just stated, an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and servants, or fails to exercise ordinary care in retaining such officers and employees.

5. Where a patient in such an institution is not the recipient of its charity, but is able to pay and does pay for the services, and is injured on account of carelessness, negligence, or incompetence of an officer or employee of the institution, the corporation is liable therefor; but the judgment can only subject funds derived strictly from non-charitable pay patients, and for this purpose the petition need not allege that the corporation failed to exercise ordinary care in the selection of its officers and employees or in retaining the same. A judgment so recovered will not subject funds in trust for charitable purposes, unless the petition alleges that the corporation failed to exercise ordinary care in the selection of its officers and employees, or in retaining the same.

6. The rulings in the foregoing headnotes answer the remaining questions as propounded.

No. 719.　SEPTEMBER 14, 1918.

Questions certified by Court of Appeals (Case No. 8695).

*Shelby Myrick,* for plaintiff.　*Wilson & Rogers,* for defendant.

GILBERT, J.　The Court of Appeals desires instruction from the Supreme Court upon the following questions, the answers to which are seriated.

1. "Is the corporation originally chartered by the legislature as the 'Savannah Poor-house and Hospital' (Acts of 1835, pp. 130, 132), and invested with 'all the powers, rights, privileges, and liabilities incident to a corporation,' authorized and empowered, under the provisions of either the said original act of incorporation or of the amendment thereto (Acts of 1872, p. 256), to conduct only; an institution primarily or altogether eleesmosynary in character, for the public benefit; or was it the intention of the legislature that the business of the corporation might be conducted for the pecuniary gain or benefit of its 'managers,' officers or others?'" The corporation so chartered by the General Assembly is authorized and empowered, under its charter, to conduct an institution eleemosynary in character for the public benefit. It was not the, intention of the legislature that the business of the corporation might be conducted for the pecuniary gain or benefit of its managers, officers, or others.

2. "If the intention of the legislature, by the acts of 1835 and 1872 aforesaid, was to charter the corporation, now known as 'Savannah Hospital,' for charitable purposes only, would such intention, as expressed in or to be gathered from the charter itself, fix and determine its nature and character as an eleesmosynary institution, in a suit brought against the corporation by a patient on account of the alleged carelessness and incompetence of a nurse and of a servant employed by the hospital, and on account of the failure of the hospital and of the superintendent under whose charge it was operated to remove such incompetent nurse after her incompetency became known and prior to the injury, notwithstanding allegations in the petition of the plaintiff in said action (which petition was dismissed on general demurrer) that 'the said Savannah Hospital conducted at Savannah, Georgia, a hospital for pecuniary gain, and the greater portion of said hospital was set aside by its officers for the reception and treatment of patients who

were charged for its services and who paid for the same'?" The intention of the legislature in chartering the "Savannah Hospital" is fixed and determined by the acts of the General Assembly. In a suit brought against the corporation by a patient, as stated in the second question, the charter provisions are controlling, notwithstanding allegations in the petition of the plaintiff as stated above. *Davis* v. *Bank of Fulton,* 31 *Ga.* 69.

3. "If the 'Savannah Hospital' was chartered as a charitable institution, but nevertheless the greater portion thereof was set aside by its officers and superintendent for the treatment of patients who paid for the services they received, would this state of facts render the corporation liable to one who entered the hospital as a patient under an agreement to pay a stated sum for all necessary care, nursing, attention, control, oversight, and medical treatment suitable or appropriate to her condition, for any injuries resulting to such patient on account of the negligence, carelessness, or incompetence of the officers and agents of the corporation?" Under circumstances as just enumerated (although the hospital is a charity, and the general rule is that charitable trust funds are not to be depleted by subjection to liability for negligence) the corporation would be liable, but a recovery would be limited to the extent of income derived from treatment of patients who paid for services. 11 C. J. 374-378; 5 R. C. L. 374-379; Gamble v. Vanderbilt University, 138 Tenn. 616 (200 S. W. 510), and authorities cited.

4. "Where an incorporated hospital is primarily maintained as a charitable institution, is it liable for the negligence of its superintendent, physicians, or nurses in the employment or retention of incompetent nurses or servants, or for the negligence of nurses or servants, resulting in injury to patients therein; and where such a hospital conducted as a charitable institution accepts compensation from a patient, able to pay, for board and necessary medical and other care, does the acceptance of such compensation create a liability on the part of the hospital to such patient for any such carelessness, negligence, or incompetence?" With the exception stated in answer to the third question above, an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent offi-

cers and servants, or fails to exercise ordinary care in retaining such officers and employees. *Plant System* v. *Dickerson,* 118 *Ga.* 647 (45 S. E. 483); Labatt's Master & Servant, § 2506.

5. "If one received as a patient at a charitable hospital is able to pay and does pay for board, medical attention, and other services, and suffers injury on account of the carelessness, negligence, or incompetence of a nurse or servant of the institution, is a petition alleging damages on account of injuries so arising subject to demurrer, unless it be therein alleged that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency; or does the rule of respondeat superior apply in such a case?" As will be seen in the answers to questions 3 and 4, if one is received as a patient at a charitable hospital, is able to pay, and does pay for board, medical attention, and other services, and there is an injury on account of the carelessness, negligence, or incompetence of a nurse or servant of the institution, a petition alleging damages on account of injuries so arising is not subject to demurrer in so far as it seeks to recover from the institution and to subject to the judgment its funds derived strictly from such non-charitable pay patients, as stated above, although it be not alleged in the petition that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency. In so far as the petition seeks to recover and make subject to the judgment the funds in trust for charitable purposes, the petition is demurrable, unless it is alleged therein that in the selection of its employees the defendant failed to exercise ordinary care in ascertaining their competency.

6. "Is the correct rule of liability as to institutions of an eleemosynary character laid down in *Medical College of Georgia* v. *Rushing,* 1 *Ga. App.* 468, 475 [57 S. E. 1083]; and are such institutions immune from liability for damages on account of the culpable negligence of its agents in the conduct of its business only where it appears that the institution is conducted solely for charitable reasons?" The rulings in the preceding divisions of this opinion answer the questions last propounded.

*All the Justices concur, except*

ATKINSON, J., who concurs in the rulings announced in the first and second divisions, but dissents from the rulings made in each of the other divisions.