70774. JACKSON v. MILLER.
(335 SE2d 438)

BANKE, Chief Judge.

The plaintiff in this wrongful-death action alleges that her 2-year-old son died in 1971 as the result of negligent medical treatment administered to him at the Columbus Medical Center. Originally named as defendants were the City of Columbus, Georgia, as the proprietor of the medical center, and four physicians employed by that institution, including Dr. Sam Miller, who is the only defendant now remaining in the case. Following a lengthy trial, in 1974, all the named defendants were awarded a directed verdict; and this court affirmed that ruling on appeal with respect to all the defendants except Dr. Miller. See *Washington v. City of Columbus*, 136 Ga. App. 682 (222 SE2d 583) (1975). Upon the return of the case to the trial court, Dr. Miller moved for leave to amend his answer to assert the affirmative defense of sovereign immunity, the defense upon which the City of Columbus had prevailed. That motion was granted; and, after a hearing at which no additional evidence was considered, the trial court also granted summary judgment to Dr. Miller based on this defense. It is from that judgment that the plaintiff filed the present appeal. *Held*:

1. In ruling that Dr. Miller was protected by the doctrine of sovereign immunity, the trial court relied upon *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980). In that case, a high school principal was sued for allowing an allegedly hazardous condition to exist on school premises over which he excerised "legal custody and control" by virtue of his position as principal. The Supreme Court held that, in the absence of a showing of wilfulness, malice, or corruption, the defendant was entitled to governmental immunity from liability, since the suits had been brought against him "solely because of the position he held and the duties imposed upon him as a result of this position. *Indeed the act complained of could only have been done in the official capacity of defendant.*" (Emphasis supplied.) Id. at 332. Accord *Love v. City of Atlanta*, 95 Ga. 129, 134 (22 SE 29) (1894); *Hall v. Hosp. Auth. of Floyd County*, 93 Ga. App. 319 (91 SE2d 530) (1956).

By the same reasoning, it might be concluded that the administration of the Columbus Medical Center was a governmental function for which its director enjoyed a qualified immunity from liability. Cf. *Washington v. City of Columbus*, supra at p. 685. However, Dr. Miller was not the director of the center, and his alleged negligence cannot reasonably be considered that of an agent of the government acting in

his official capacity. Rather, his alleged negligence was simply that of a medical doctor in providing treatment to a patient. His primary duty in this instance being to his patients rather than to the state or the city, we hold that he is not entitled to claim governmental immunity simply by virtue of the fact that he was employed by a public clinic. It follows that any injury resulting from a want of reasonable care or skill on his part in treating the decedent must be considered actionable. See generally OCGA § 51-1-27. Accord *Irwin v. Arrendale*, 117 Ga. App. 1 (159 SE2d 719) (1967). See also Note: Hennessy v. Webb: Sovereign Immunity for the Less-Than-Sovereign — How Far Will it Go? 32 Mer. L. Rev. 433, 437-438 (1981). We accordingly hold that the trial court erred in granting Dr. Miller's motion for summary judgment based on the doctrine of governmental immunity.

2. The plaintiff's additional contention that Dr. Miller may be found liable upon a theory of strict liability is without merit. Such a theory, commonly applicable in cases involving dangerous instrumentalities and defective products, has no applicability under the facts alleged in this case.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1985 —
REHEARING DENIED SEPTEMBER 26, 1985 —

*Glenville Haldi, Paul Kilpatrick, Jr., Frank K. Martin, William L. Tucker*, for appellant.

*Albert W. Stubbs, Richard Y. Bradley*, for appellee.