A89A0548. PATTERSON v. FULTON-DeKALB HOSPITAL
AUTHORITY.
(384 SE2d 205)

BENHAM, Judge.
Appellant brought a medical malpractice case against appellee for injuries he claimed resulted from the negligence of appellee's agents after appellant was brought to Grady Hospital suffering from injuries received from a collision with an automobile. This appeal is from the grant of summary judgment to appellee on the ground of charitable immunity. See *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833 (353 SE2d 515) (1987). We affirm.

Appellant makes no issue of appellee's status as a charitable institution, but contends that he comes within the "paying patient" exception to the doctrine of charitable immunity as set out in *Morton v. Savannah Hosp.*, 148 Ga. 438 (96 SE 887) (1918). The Supreme Court held in that case that a negligence action against a hospital operated

by a charitable institution may be brought by one who (1) enters the hospital under an agreement to pay for services, (2) is able to pay for services, and (3) does pay for services. It also held that recovery is limited to the extent of income derived from patients who paid for their services, but the important question in this case is whether appellant comes within the definition of a paying patient.

Evidence produced by appellee established that appellant was admitted without any agreement to pay, that appellant is unable to pay the more than $12,000 in expenses incurred during his stay in appellee's facility, and that appellant personally has made no payments at all. To counter that evidence, appellant has shown that payments of more than $3,000 have been made on his behalf. However, the record shows that those payments were the proceeds of insurance policies, one covering appellant as a resident in the insured's household, and the other covering the car which struck appellant. It appears, therefore, that although approximately one-third of the expenses incurred by appellant have been paid, he did not contribute to that payment either as payor, as the holder of an insurance policy, or as one who is the specific intended beneficiary of insurance such as workers' compensation. When that is considered along with the facts that appellant was admitted without any agreement to pay for the services to be rendered and that he does not have assets sufficient to pay for the services, we agree with the trial court that the evidence demands the conclusion that appellant is not a paying patient so as to bring his case within the exception stated in *Morton*. It follows that the trial court was correct in granting appellee's motion for summary judgment on the basis of the doctrine of charitable immunity.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989 —
REHEARING DENIED JULY 7, 1989 —

*Carr & Kessler, James C. Carr, Jr., Earnie R. Breeding, Lee J Dunn,* for appellant.

*Alston & Bird, Robert P. Riordan, Robert D. McCallum, Jr.,* fo appellee.