A89A0281. CUTTS v. FULTON-DeKALB HOSPITAL AUTHORITY et al.
(385 SE2d 436)

CARLEY, Chief Judge.
The minor appellant-plaintiff, by next friend, filed suit against appellee-defendants Fulton-DeKalb Hospital Authority (Hospital), Dr. Daly and Dr. Russell. The complaint sought damages for the al-

leged medical malpractice of appellees Dr. Daly and Dr. Russell occurring during appellant's delivery at appellee Hospital. The case was tried before a jury but, when a verdict could not be reached, the trial court declared a mistrial. Appellees then moved for judgment notwithstanding mistrial, relying upon the doctrine of charitable immunity. The trial court granted appellees' motion for judgment notwithstanding the mistrial and appellant appeals from that order.

1. "It has long been the rule in Georgia that 'an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and servants, or fails to exercise ordinary care in retaining such officers and employees.' [Cit.]" *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 834 (1) (353 SE2d 515) (1987). There is, however, an exception to the doctrine of charitable immunity. "Where a patient in such an institution is not the recipient of its charity, but is able to pay and does pay for the services, and is injured on account of carelessness, negligence, or incompetence of an officer or employee of the institution, the corporation is liable therefor. . . ." *Morton v. Savannah Hosp.*, 148 Ga. 438 (5) (96 SE 887) (1918). The undisputed evidence of record shows that appellant *was* the recipient of appellee Hospital's charity and that the doctrine of charitable immunity is, therefore, viable and controlling as to appellee Hospital.

It is undisputed that the "out-patient" medical expenses of appellant's mother were in excess of $100. Based upon her financial situation, however, appellee Hospital agreed to charge her only $7 for these services. Accordingly, in providing these services to appellant's mother, appellee Hospital extended its charity to the extent of at least $93. It is also undisputed that the "in-patient" medical expenses of both appellant and her mother were $997.52. Although a bill for these services was never submitted, it is undisputed that appellee Hospital's maximum charge to appellant for those services would be $30. Accordingly, as to the "in-patient" medical expenses, appellee Hospital extended its charity to the extent of at least $967.52. There was no evidence that the $93 and the $967.52 *was* paid or payable from any secondary source and was *not* charitably absorbed by appellee Hospital. This case was not decided on summary judgment, but after a jury trial. Compare *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167 (384 SE2d 205) (1989). After appellee Hospital produced evidence that it had extended its charity to appellant, the burden shifted to appellant to produce evidence showing that she came within the exception to the charitable immunity doctrine and that, contrary to the evidence showing appellee Hospital's agreement to bill only $37 for the more than $1,100 in medical services rendered to her and her mother, she was nevertheless a "paying patient" with a sec-

ondary source for paying the balance. Because the undisputed evidence of record discloses that, based upon the financial situation of appellant's mother, appellee Hospital did extend its charity to the extent of more than $1,000, the trial court correctly granted judgment notwithstanding mistrial in favor of appellee Hospital.

2. Appellee Hospital has not waived its charitable immunity by creating a self-insurance plan. See *Ponder v. Fulton-DeKalb Hosp. Auth.*, supra at 835 (2). Appellant's attempts to distinguish *Ponder* have been considered and found to be without merit.

3. Appellant urges that the doctrine of charitable immunity was erroneously extended to appellees Dr. Daly and Dr. Russell.

Appellees Dr. Daly and Dr. Russell had a duty to exercise a reasonable degree of care and skill in providing medical services to appellant. See OCGA § 51-1-27. Insulating them from liability for breaching this duty simply because they were employed by a charitable hospital would not further the purpose of the charitable immunity doctrine. "By design the charitable immunity doctrine protects *the funds of the charitable institution from depletion* in order that these funds may be [preserved] to carry out the charitable purpose of the institution for the benefit of its beneficiaries." (Emphasis supplied.) *Ponder v. Fulton-DeKalb Hosp. Auth.*, supra at 834 (1). To extend the doctrine of charitable immunity to physicians who are employed by charitable hospitals would only serve to insulate the resources of those physicians from the claims of patients who were injured as a result of alleged medical malpractice. Accordingly, we hold that the trial court erred in extending the doctrine of charitable immunity to appellees Dr. Daly and Dr. Russell and erred, therefore, in granting their motion for judgment notwithstanding the mistrial. *Swofford v. Cooper*, 184 Ga. App. 50, 53 (2) (360 SE2d 624) (1987) aff'd 258 Ga. 143 (368 SE2d 518) (1988); *Jackson v. Miller*, 176 Ga. App. 220 (1) (335 SE2d 438) (1985). See also *Davis v. Stover*, 258 Ga. 156 (366 SE2d 670) (1988).

4. The judgment is affirmed as to appellee Hospital and reversed as to appellees Dr. Daly and Dr. Russell.

*Judgment affirmed in part and reversed in part. Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope, Benham and Beasley, JJ., concur. McMurray, P. J., concurs in part and dissents in part.*

McMurray, Presiding Judge, concurring in part and dissenting in part.

I concur in Division 3 of the majority opinion, and all that is said therein, and the reversal of the grant of judgment notwithstanding the mistrial in favor of defendants Daly and Russell. However, I respectfully dissent to Division 1 as it is my view that Grady failed to carry its burden of proving the defense of charitable immunity.

"It has long been the rule in Georgia that 'an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and servants, or fails to exercise ordinary care in retaining such officers and employees.' *Morton v. Savannah Hosp.*, 148 Ga. 438 (96 SE 887) (1918). There is an exception to this general rule: a charitable hospital may be liable for negligence to a paying patient, but the recovery is limited to income derived from non-charitable sources. Id." *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 834 (1) (353 SE2d 515).

In the case sub judice, the evidence shows that Grady is a non-profit hospital operated primarily for the medical care and hospitalization of the indigent sick and poor of DeKalb County and Fulton County, Georgia. Other evidence shows that Grady is funded through "charitable" and "non-charitable" sources, i.e., Fulton County, DeKalb County, "patient fees, Medicare, Medicaid, and [private] gifts . . . ." However, there is no conclusive evidence showing whether plaintiff was a "paying patient" or a "charity patient" of the hospital.

"The burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation is essential to a party's case or defense, the proof of such negation or negative affirmation lies on the party so affirming it." OCGA § 24-4-1. In its answer, Grady asserted charitable immunity as a defense in an attempt to *avoid* the question of its liability to plaintiff for medical malpractice. Consequently, the burden of proving the defense of charitable immunity was upon Grady. See *McCrackin v. McKinney*, 52 Ga. App. 519, 520 (2) (183 SE 831); *Williamson, Inman & Co. v. Thompson*, 53 Ga. App. 821, 826 (9) (187 SE 194); *Commercial & Exchange Bank v. McDaniel*, 147 Ga. App. 378, 379 (249 SE2d 97). To satisfy its burden, Grady was required to show that it is a charitable institution and that plaintiff was a non-paying patient of the hospital. See *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 834 (1) supra.

The only evidence Grady offered in support of its defense of charitable immunity was the testimony of John William Pinkston, Jr. "[t]he secretary-treasurer of the Fulton DeKalb Hospital Authority and executive director of Grady Memorial Hospital." Pinkston testified that patients at Grady are charged according to their ability to pay; that plaintiff's mother's "out-patient" medical expenses were in excess of $100; that the mother was billed $7 for these expenses and that she paid $4 of this bill. Pinkston further testified that the "in patient" medical expenses "for the mother and the baby" for the delivery and care of plaintiff were $997.52; that "the patient" was not billed for these costs, but that the liability for these medical expenses

"would have been $30 total" for the mother and the baby. There was no explanation as to why Grady did not bill "the patient" for her "in-patient" medical expenses, nor is there evidence showing whether these costs were paid by a secondary source of which the plaintiff was the direct beneficiary. Compare *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167 (384 SE2d 205).

Accordingly, Grady failed to carry its burden of proving without question that plaintiff was a non-paying patient of the hospital. This conclusion is demanded because, upon consideration of Grady's motion for judgment notwithstanding the mistrial, the evidence must be viewed in a light which most favorably supports plaintiff's claim. See *Findley v. McDaniel*, 158 Ga. App. 445 (1) (280 SE2d 858). From this perspective, it is my view that genuine issues of material fact remain as to whether Grady was negligent in providing medical care to plaintiff and whether she was a "paying patient," entitled to recover based on income derived from Grady's "non-charitable sources." See *Morton v. Savannah Hosp.*, 148 Ga. 438 (3), supra.

Decided July 14, 1989 — .
Rehearings denied July 28, 1989 —

Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Wood & Grant, L. Lin Wood, Wayne Grant, for appellant.

Alston & Bird, Eugene T. Branch, Bernard S. Taylor, Judson Graves, for appellees.

