## A89A0881. FULTON-DeKALB HOSPITAL AUTHORITY v. ALEXANDER et al.
(388 SE2d 372)

BENHAM, Judge.

Appellees brought suit against appellant for medical malpractice. Appellant sought summary judgment on the basis of the doctrine of

charitable immunity. In opposition, appellees invoked the paying patient exception to the doctrine. This appeal, pursuant to our grant of appellant's application for interlocutory review, is from the denial of summary judgment.

It is undisputed that the patient's medical expenses were paid by workers' compensation benefits. Compare *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167 (384 SE2d 205) (1989). It is also undisputed in this case that Grady, the hospital operated by appellant, is a charitable institution entitled to the protection of the charitable immunity doctrine. At issue is whether the paying patient exception can ever be applied so as to permit a malpractice suit against appellant.

1. "[I]f one is received as a patient at a charitable hospital, is able to pay, and does pay for board, medical attention, and other services, and there is an injury on account of the carelessness, negligence, or incompetence of a nurse or servant of the institution, a petition alleging damages on account of injuries so arising is not subject to demurrer in so far as it seeks to recover from the institution and to subject to the judgment its funds derived strictly from such non-charitable pay patients. . . ." *Morton v. Savannah Hosp.*, 148 Ga. 438 (5) (96 SE 887) (1918).

Appellant insists that *Morton* is to be read as holding that the paying patient exception applies only to hospitals operated primarily for pecuniary gain. We do not read *Morton* so restrictively. The Supreme Court in that case was answering a series of questions certified to it by this court. The third question concerned a hospital chartered as a charitable institution but operated primarily for pecuniary gain. The Supreme Court indicated that the paying patient exception would apply under those circumstances. The fourth question concerned a hospital chartered as and primarily maintained as a charitable institution, and the Supreme Court incorporated in its answer the exception set out in answering the third question — the paying patient exception. If there was ambiguity in those responses, it was dispelled in the answer to the fifth question in which the Supreme Court made it unmistakably clear that the exception applies equally to both types of institution.

We hold, therefore, that the paying patient exception to the charitable immunity doctrine applies to appellant. Accordingly, we find no error in the trial court's refusal to rule otherwise.

2. Appellant also contends that because all the money which comes into its coffers is expended in furtherance of its mission to provide medical services to the disadvantaged, it has no non-charitable assets which could be subjected to a judgment in appellee's favor and, further, that appellee failed to allege the existence of such assets. However, *Morton* permits a judgment to be satisfied from the *income*

derived from paying patients, not "assets." The complaint here alleges the existence of such income, and since it is not disputed that appellees' decedent's expenses were paid, it is obvious that there is income derived from paying patients. Accordingly, we find no merit in either contention concerning the source from which any judgment could be satisfied.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 14, 1989.

*Alston & Bird, Eugene T. Branch, Judson Graves, Paul J. Quiner*, for appellant.

*Freeman & Hawkins, Paul M. Hawkins, Patrick A. Lloyd*, for appellees.