A90A0369. WYNN v. FULTON-DeKALB HOSPITAL AUTHORITY.
(395 SE2d 343)

CARLEY, Chief Judge.

Appellant-plaintiff filed this medical malpractice action against appellee-defendant. Appellee answered and raised, among its other defenses, charitable immunity. After discovery, appellee moved for summary judgment based upon its charitable immunity defense. The trial court granted summary judgment in favor of appellee and appellant appeals.

"It has long been the rule in Georgia that 'an incorporated hospital, primarily maintained as a charitable institution, is not liable for the negligence of its officers and employees, unless it fails to exercise ordinary care in the selection of competent officers and servants, or fails to exercise ordinary care in retaining such officers and employees.' [Cit.]" *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 834 (1) (353 SE2d 515) (1987). There is, however, an exception to this doctrine of charitable immunity. "Where a patient in such an institution is not the recipient of its charity, but is able to pay and does pay for the services, and is injured on account of carelessness, negligence, or incompetence of an officer or employee of the institution, the corporation is liable therefor. . . ." *Morton v. Savannah Hosp.*, 148 Ga. 438 (5) (96 SE 887) (1918).

Although certain of appellee's patients, including appellant, may be required to pay a *portion* of the medical expenses that they incur, appellee nevertheless retains its status as a charitable institution. Such patients are the recipients of appellee's charity to the extent that they are not required to pay *full* compensation for the medical services rendered to them. See *Butler v. Berry School*, 27 Ga. App. 560, 562 (109 SE 544) (1921). Accordingly, as against those patients, including appellant, who are required to pay only a portion of their medical expenses, the doctrine of charitable immunity remains viable. The "paying patient" exception to the doctrine of charitable immunity applies only to those patients who pay full compensation and who are not, therefore, extended any charity whatsoever. There is no "partially paying patient" exception to the doctrine of charitable immunity. *Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517 (385 SE2d 436) (1989). "The undisputed evidence of record shows that appellant *was* the recipient of appellee Hospital's charity and that the doctrine of charitable immunity is, therefore, viable and controlling as to appellee Hospital." (Emphasis in original.) *Cutts v. Fulton-DeKalb Hosp. Auth.*, supra at 518 (1). It follows that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Sognier, J., concurs. McMurray, P. J., concurs specially.*

McMurray, Presiding Judge, concurring specially.

I concur fully with the majority opinion and all that is said therein and write only to emphasize that the recurring issue presented in the case sub judice has been resolved. As stated by the majority: "The 'paying patient' exception to the doctrine of charitable immunity applies only to those patients who pay full compensation and who are not, therefore, extended any charity whatsoever. There is no 'partially paying patient' exception to the doctrine of charitable immunity." This rule dates back at least 72 years to the decision in *Morton v. Savannah Hosp.*, 148 Ga. 438 (5) (96 SE 887), and, with the case sub judice, has been consistently applied by this Court for the third time in the past year, in each instance in litigation involving this same defendant. See *Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517 (385 SE2d 436) and *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167 (384 SE2d 205).

Decided June 12, 1990 —
Rehearing denied June 21, 1990 — Cert. applied for.

*Johnson & Ward, William C. Lanham, Clark H. McGehee*, for appellant.

*Alston & Bird, Judson Graves, Paul J. Quiner, Bryan A. Vroon,*

*Karen L. Abrahams, Hart & Sullivan, Alexander H. Booth*, for appellee.
*William Q. Bird, Frank J. Beltran*, amici curiae.