A91A0581. WALKER et al. v. FULTON-DeKALB HOSPITAL AUTHORITY.
(409 SE2d 529)

COOPER, Judge.

Appellants, Sharon Walker and David Walker, filed a medical malpractice action against the Fulton-DeKalb Hospital Authority d/b/a Grady Memorial Hospital seeking to recover damages for the death of their newborn child. Appellee moved for summary judgment claiming that the action was barred by the doctrines of charitable immunity and sovereign immunity. Appellants now appeal the ruling of the trial court granting summary judgment to appellee based upon appellee's charitable immunity defense.

1. In *Hospital Auth. of Fulton County v. Litterilla*, 199 Ga. App. 345 (1), 347 (404 SE2d 796) (1991), we held that "hospital authorities established pursuant to the Hospital Authorities Law are entitled to the defense of governmental immunity except to the extent there has been a waiver under the constitutional provision." Because appellee is a hospital authority established pursuant to the Hospital Authorities Law and because the record does not reveal there has been a waiver of governmental immunity, we must conclude that appellants' action is barred by the doctrine of sovereign immunity. Notwithstanding this determination, we will also address herein appellants' argument that appellee was not entitled to the defense of charitable immunity and therefore the grant of summary judgment to appellee was in error.

2. The record in this case indicates that appellee designated the appellant patient, Sharon Walker (hereinafter, "appellant"), as a "full pay patient" at the time she was admitted, this designation being shown by an "X" status in her admission record. At the time of her admission, appellant was employed and had health insurance coverage under a self-insurance plan provided by her employer. However, appellant had applied for this coverage while she was pregnant and the president of her employer stated that he assumed pre-existing conditions were not covered under the plan. Further, appellant did not request dependent care coverage on her application for insurance. The record also indicates that tentative patient classifications may be made by appellee in emergencies and any initial classification may be subsequently changed due to special circumstances. Subsequent to appellant's stay at the hospital, her insurance plan became insolvent and was unable to pay its debts, although some money was paid by the insurer to appellee on appellant's account. As stated by the trial court, "[w]hile there is some dispute as to the amount of payment which has occurred, there is no dispute that the total payments have been less than $2000 on a bill in excess of $30,000." Appellants personally have made no payment on the bill and we agree with the trial court that there is no evidence in the record that appellants are finan-

cially able to pay the bill.

"As a charitable institution, Grady [Hospital] is generally entitled to the defense of charitable immunity. [Cits.] 'There is an exception to this general rule, however: a charitable hospital may be liable for negligence to a *paying patient.*' [Cits.]" *Fulton-DeKalb Hosp. Auth. v. Fanning*, 196 Ga. App. 556 (1) (396 SE2d 534) (1990). In *Morton v. Savannah Hosp.*, 148 Ga. 438 (5) (96 SE 887) (1918), the Supreme Court of Georgia considered several criteria in the determination of whether or not an individual was a paying patient. This court recently applied the *Morton* criteria in *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167, 168 (384 SE2d 205) (1989) where we determined that a charitable institution may not assert the immunity against a person who "(1) enters the hospital under an agreement to pay for services, (2) is able to pay for services, and (3) does pay for services." Further, where a non-paying patient, who in the end becomes the recipient of the hospital's charity, claims he was able to pay and was not a charity patient, he or his personal representative has the burden of proving it. *Fanning*, supra at 560. Despite appellant's "X" classification at the time of her admittance, appellant has not shown that she entered the hospital under an agreement to pay for services. Appellant's classification was a tentative one, made when appellant was admitted during the onset of premature labor. In such circumstances, a hospital cannot initially verify the insurance coverage and income of the patient. Thus, the status may be subsequently changed in special circumstances. Given the fact that appellant's insurance was obtained during her pregnancy and that her dependents were not covered in any event, we cannot say that, due to her initial classification by the hospital, she was admitted under an agreement to pay. Secondly, appellant submitted no evidence to show that she or her husband have the ability to pay the hospital bill and thirdly, it is undisputed that most of the large bill remains unpaid. According to the case law, appellant has not proven that she comes within the paying patient exception to the charitable immunity granted to appellee, and consequently we find no genuine issue of material fact on this question.

Appellee is also granted immunity under OCGA § 51-1-29.1, which provides: "(a) Without waiving or affecting and cumulative of any existing immunity from any source, unless it is established that injuries or death were caused by gross negligence or willful or wanton misconduct:

"(1) No health care provider . . . who voluntarily and without the expectation or receipt of compensation provides professional services . . . for and at the request of a hospital . . . , which [hospital] does not expect or receive compensation with respect to such services from the recipient of such services; or

"(2) No licensed hospital . . . which requests . . . services under the circumstances provided in paragraph (1) of this subsection shall be liable for damages or injuries alleged to have been sustained by the person nor for damages for the injury or death of the person when the injuries or death are alleged to have occurred by reason of an act or omission in the rendering of such services."

Although we have discovered no cases interpreting this statute, the legislature stated that the statute was enacted "to provide immunity from civil liability to certain health care providers or other entities providing professional services without compensation or the expectation thereof. . . ." Ga. L. 1987, p. 887. As stated above, it was not shown that appellee expected to be paid for its services and it is clear that the hospital did not receive any compensation from appellant, the recipient of those services.

Based upon our discussion herein, we conclude that the trial court did not err in granting summary judgment to appellee on the basis of the hospital's charitable immunity.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 —

*Finch, McCranie, Brown & Thrash, Thomas W. Thrash, Jr.,* for appellants.

*Alston & Bird, Geoffrey H. Cederholm III, Robert D. McCallum, Jr.,* for appellee.