A91A1276, A91A1277. CULBERSON et al. v. FULTON-DeKALB
HOSPITAL AUTHORITY; and vice versa.
A91A1278. McMICHAEL v. CULBERSON et al.
(411 SE2d 75)

BIRDSONG, Presiding Judge.

Appellants/cross-appellees James and Priscilla Culberson, parents of the deceased child, Shermeca Culberson, brought a wrongful death action in their behalf against appellees/cross-appellants. Appellee/cross-appellant, the Fulton-DeKalb Hospital Authority (Authority) d/b/a Grady Memorial Hospital (Grady Hospital or Grady) and appellee/cross-appellant Dr. Julia McMichael filed a joint motion for summary judgment. The trial court granted that part of the motion in behalf of the Authority and Grady Hospital, but denied that portion of the motion as to Dr. McMichael. Appellants James and Priscilla Culberson appeal that portion of the order of the trial court granting motion for summary judgment to the Authority and Grady Hospital in Case No. A91A1276. In Case No. A91A1277, the Authority and Grady cross-appeal that portion of the order of the trial court denying motion for summary judgment on behalf of Dr. McMichael; in Case No. A91A1278, Dr. McMichael likewise cross-appeals. *Held*:

*Case No. A91A1276*

1. In the whole court opinion of *Hospital Auth. of Fulton County v. Litterilla*, 199 Ga. App. 345 (404 SE2d 796), the majority concluded inter alia that hospital authorities established pursuant to the Hospital Authorities Law (codified at OCGA § 31-7-71 et seq.) are entitled to the defense of governmental immunity except to the extent there has been waiver under the constitutional provision. This rule was held applicable to the Hospital Authority of Fulton County d/b/a Northside Hospital and is equally applicable to the Fulton-DeKalb Hospital Authority d/b/a Grady Memorial Hospital. *Walker v. Fulton-DeKalb Hosp. Auth.*, 200 Ga. App. 750 (409 SE2d 529) (1991).

(a) Appellant's assertion that the Constitution of Georgia (Ga. Const. of 1983, Art. I, Sec. II, Par. IX) does not extend to provide sovereign immunity to the Authority and Grady, because these entities are not encompassed within the term "the state and all of its departments and agencies" is without merit. The Constitution of Georgia extends sovereign immunity to counties and their instrumentalities as well. *Litterilla*, supra at 346-347, citing *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95).

(b) There is no evidence in this record that the Authority and Grady have obtained liability insurance thereby waiving their claim of sovereign immunity. Even assuming the Authority and Grady had created their own fund, designated or otherwise, available to pay medical malpractice claims, this would not constitute a self-insurance fund resulting in the waiver of sovereign immunity, as the Authority and Grady are not authorized to establish a self-insurance fund. *Logue v. Wright*, 260 Ga. 206 (2) (3) (392 SE2d 235); *Litterilla*, supra at 350.

(c) Appellant's contention that the Authority and Grady have waived sovereign immunity due to the legislative grant to the hospital authorities established under the Hospital Authorities Law of the power to "sue and be sued" (OCGA § 31-7-75) is without merit. *Self v. City of Atlanta*, 259 Ga. 78, 80 (1) (377 SE2d 674); *Litterilla*, supra at 346. Further, appellant's argument that *Self* should not be given retroactive operation was decided adversely to this contention in *Litterilla*.

(d) Although this is an issue of first impression, we find that just because the Authority, pursuant to a written contract, received certain funds from Fulton and DeKalb Counties in general support of an indigent treatment program, including inter alia funds "for the purpose of providing medical care or hospitalization for the indigent sick and poor," such a receipt of funds would not divest the Authority or Grady of their character as agencies or instrumentalities of the county being operated primarily for the benefit of the public rather than for

the generation of revenue for the county. Cf. *Litterilla,* supra. We also are satisfied that receipt of such funds would not per se divest Grady of its legal status as an incorporated hospital primarily maintained as a charitable institution; charitable institutions must obtain funds to operate, maintain, and improve charitable programs somewhere. Cf. *Cutts v. Fulton-DeKalb Hosp. Auth.,* 192 Ga. App. 517 (385 SE2d 436).

Moreover, the contract, between the Authority and Fulton and DeKalb Counties, in effect at the time of Shermeca Culberson's death, was executed on November 13, 1953, and apparently subject to minor modification in October or November of 1958. This contract, although requiring that the Authority "shall construct, equip and finance such adequate hospital *facilities and projects* for use in rendering medical care and treatment to said indigent sick of the [two] counties" does not require the Authority or Grady to provide patient care to any particular indigent person. (Emphasis supplied.) In contrast, the contract expressly requires the Authority to provide, upon request, in addition to its treatment and care facilities, "treatment, medicine [and] care" to certain county employees. Further, neither the deceased nor her parents, the appellants, were third-party beneficiaries of this written contract. " 'In order for a third party to have standing to enforce a contract under (OCGA § 9-2-20 (b)) it must clearly appear from the contract that it was *intended* for his [or her] benefit. The mere fact that [the third party] would benefit from performance of the agreement is not alone sufficient.' " *Walls, Inc. v. Atlantic Realty Co.,* 186 Ga. App. 389, 391 (1) (367 SE2d 278). Examining the written contract in its entirety, we find the parties did not have the requisite intent to make either the deceased or her parents third-party beneficiaries thereof. Also, "[t]here is no [express or implied] intention manifested in the contract that the [parties] compensate any member of the public for injurious consequences." *Miree v. United States,* 242 Ga. 126, 136 (249 SE2d 573).

Additionally, assuming without deciding there exists an implied contract between appellants (or their deceased daughter) and the Authority or Grady Hospital (compare *Mattair v. St. Joseph's Hosp.,* 141 Ga. App. 597, 598 (234 SE2d 537) aff'd 239 Ga. 674 (238 SE2d 366)), as a matter of law, "this is not an action based on a written contract"; and, "[t]hat being so, the [Authority's and Grady's] immunity under the doctrine of sovereign [or governmental] immunity was not waived and [the Authority and Grady also were] entitled to a [grant of motion for summary judgment] on the contract portion of [appellants' claim against them]." *Board of Regents &c. of Ga. v. Tyson,* 261 Ga. 368, 370 (1) (404 SE2d 557) (1991).

Appellants' numerous assertions regarding appellees' defense of sovereign or governmental immunity and appellants' enumeration of

error are without merit.

2. In view of our above holding, we need not determine whether a genuine issue of material fact existed as to the claim of charitable immunity by appellee Authority and Grady. See generally *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833 (353 SE2d 515); *Cutts*, supra; see also *Litterilla*, supra; compare *Patterson v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 167 (384 SE2d 205).

### Case Nos. A91A1277 and A91A1278

3. Cross-appellants, Dr. McMichael, the Authority and Grady assert the trial court erred in denying summary judgment to Dr. McMichael on her defenses of sovereign and official (governmental) immunity, and on her charitable immunity defense, as Dr. McMichael was an agent of Grady when she treated Shermeca Culberson. Compare *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878); *Swofford v. Cooper*, 184 Ga. App. 50 (2) (360 SE2d 624) and *Jackson v. Miller*, 176 Ga. App. 220 (335 SE2d 438).

Review of the record reveals there exists a genuine issue of material fact, within the meaning of OCGA § 9-11-56, whether Dr. McMichael was an agent of Grady or the employee or agent of an independent contractor, Emory University.

4. Further, contrary to the arguments of cross-appellants, we find nothing in this record warranting our departure from the precedent contained in the whole court case of *Cutts*, supra at 519 (3).

*Judgments affirmed. Cooper, J., concurs. Pope, J. , concurs specially.*

POPE, Judge, concurring specially.

I concur in the holding in Case Nos. A91A1277 and A91A1278. I concur in the judgment only in Case No. A91A1276, in which the majority holds appellee Fulton-DeKalb Hospital Authority is entitled to governmental immunity from appellants' suit.

For the reasons set forth in the dissenting opinion in *Hospital Auth. of Fulton County v. Litterilla*, 199 Ga. App. 345, 351 (404 SE2d 796) (1991) (Carley, J., dissenting), I do not agree that *Self v. City of Atlanta*, 259 Ga. 78 (377 SE2d 674) (1989), in which the Georgia Supreme Court held that the "sue and be sued" language of OCGA § 31-7-75 (1) does not signify a waiver of governmental immunity from suit, should be applied retroactively to this case in which the cause of action arose prior to the change of law announced in the *Self* opinion. However, because the Georgia Supreme Court has held the self-insurance plan for Grady Hospital does not serve to waive the hospital's defense of charitable immunity, see *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833 (2) (353 SE2d 515) (1987), I agree that the trial

court properly granted summary judgment to the hospital in this case.

## On Motion for Reconsideration.

Appellee Fulton-DeKalb Hospital Authority d/b/a Grady Memorial Hospital has attached certain documents to its brief in support of motion for reconsideration. Two of these documents are affidavits duly contained within the trial transcript and previously considered by this court. We have re-examined and reconsidered these documents, as well as the relevant contents of the entire record, in the disposition of this motion. Another document, however, contains only selected portions of a deposition by Dr. Julia McMichael. The deposition of Dr. McMichael is not listed in either the index of the record or of the supplemental record, and cannot be found by a thorough culling of the record and supplemental record which were forwarded to this court for appellate review by the parties. We must take our evidence from the record and not from the briefs of the parties. Thus, it is well settled that a brief or an attachment thereto cannot be used as a procedural vehicle for adding to the record. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33). Moreover, a motion for reconsideration or attachment thereto, like a brief, cannot be used as a procedural vehicle for adding evidence or fact representations to the record. *Norman v. State*, 197 Ga. App. 333, 337 (398 SE2d 395). Further, an examination of the partial deposition of Dr. McMichael reflects that nothing contained therein would require the granting of the motion for reconsideration in this case.

*Motion for reconsideration denied.*

Decided September 9, 1991 —
Reconsideration denied September 30, 1991 —

*William Q. Bird*, for Culberson.

*Alston & Bird, Robert D. McCallum, Jr., Robert P. Riordan, James C. Grant*, for Fulton-DeKalb Hospital Authority.

*Harman, Owen, Saunders & Sweeney, H. Andrew Owen*, for McMichael.