## A93A1573. SCHMIDT v. ADAMS.
### (438 SE2d 659)

SMITH, Judge.

Plaintiff Adams brought this wrongful death action against the Fulton-DeKalb Hospital Authority, Emory University and Emory Medical Care Foundation, Inc., the treating physician at Grady Hospital, the estate of the former physician at the DeKalb County Jail, a nurse at the DeKalb County Jail, and Schmidt, a physician's assistant at the DeKalb County Jail. Adams contends that the defendants were negligent in their diagnosis and treatment of his wife's fatal pulmonary emboli.

Schmidt and the nurse moved for summary judgment on the basis of their official immunity as salaried employees of the DeKalb County Sheriff's Department.[1] The trial court denied the motion in a brief order and certified the judgment for immediate review. Schmidt's application for interlocutory review of the trial court's order was granted, and this appeal followed.

Schmidt's sole contention on appeal is that he was entitled to a grant of summary judgment on the basis of his official immunity under the authority of *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980) and *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990). We agree and reverse.

Sovereign or governmental immunity, which applies to the state and its subdivisions, is intended to protect the public purse. *Hennessy v. Webb*, supra at 329. Official immunity, in contrast, is applicable to government officials and employees sued in their individual capacities. While official immunity does not apply to purely ministerial duties required by law, public officials are immune from individual liability for discretionary acts undertaken in the course of their duties and without wilfulness, malice, or corruption. Id. at 330-331. This official immunity is intended to protect public officials in the honest exercise of their judgment, however erroneous or misguided that judgment may be. " 'Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced.' " *Price v. Owen*, 67 Ga. App. 58, 60 (19 SE2d 529) (1942).

Employees of a county sheriff's department are immune from lia-

---

[1] The nurse has been voluntarily dismissed from this action.

bility for negligent acts that are discretionary rather than ministerial. See *Logue v. Wright*, supra, 260 Ga. at 207 (1). " 'A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' " *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). "[W]hether a duty is ministerial or discretionary turns on the character of the specific act, not the general nature of the official's position. [Cits.]" *Vertner v. Gerber*, 198 Ga. App. 645, 646 (402 SE2d 315) (1991).

In essence, Adams complains that Schmidt was negligent in failing to properly diagnose his wife's illness before she was transferred from the jail to Grady Hospital and in failing to transfer her to the hospital at some earlier time. Such decisions clearly would be made by Schmidt based on his examination of the facts, his experience, and the exercise of his best judgment. The acts complained of are thus "discretionary" and fall within the scope of Schmidt's official immunity.

Adams contends that Schmidt is excluded from the protection of official immunity by this court's decisions in *Irwin v. Arrendale*, 117 Ga. App. 1 (159 SE2d 719) (1967) and *Jackson v. Miller*, 176 Ga. App. 220 (335 SE2d 438) (1985). *Irwin*, however, was decided on the doctrine of sovereign immunity alone; official immunity was never raised or discussed. Moreover, *Hennessy* explicitly rejected the common law principle relied upon in *Irwin* with regard to the individual liability of government personnel. Compare 117 Ga. App. at 3 (3) with 245 Ga. at 330. Later cases have likewise rejected *Irwin*'s position with respect to jail personnel, and have applied official immunity. See *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 721 (2) (418 SE2d 79) (1992).

*Jackson v. Miller*, in its turn, has been criticized repeatedly for its apparent direct conflict with *Hennessy, Roberts v. Grigsby*, 177 Ga. App. 377, 379 (339 SE2d 633) (1985) (Deen, P. J., concurring specially), and for its failure to recognize the distinction between sovereign and official immunity. *Swofford v. Cooper*, 184 Ga. App. 50, 56 (360 SE2d 624) (1987) (Beasley, J., dissenting), aff'd *Cooper v. Swofford*, 258 Ga. 143 (368 SE2d 518) (1988). However, *Jackson* is distinguishable on its facts from the case before us.

In *Jackson*, this court held that a doctor at a public hospital who had been sued for negligence was not entitled to "sovereign" or "governmental" immunity, observing that the alleged negligence "cannot reasonably be considered that of an agent of the government acting in his official capacity. Rather, his alleged negligence was simply that of a medical doctor in providing treatment to a patient." 176 Ga. App.

at 220-221.

In contrast, Schmidt is not a physician acting within the scope of a traditional doctor-patient relationship which incidentally arises at a publicly owned or funded hospital. First, he is a physician's assistant rather than a physician. More importantly, as a salaried employee of the DeKalb County Sheriff's Department, employed at the county jail, his primary concern and duty is the governmental function of caring for persons confined in the jail. The provision of medical aid to inmates is mandated by OCGA § 42-4-4 (a) (2) and, as Schmidt points out, is so essential a part of the government's duty that it is undelegable for purposes of a civil rights action pursuant to 42 USC § 1983. See *West v. Atkins*, 487 U. S. 42, 54 (108 SC 2250, 101 LE2d 40) (1988); *Ancata v. Prison Health Systems*, 769 F2d 700 (11th Cir. 1985). Schmidt's actions clearly were undertaken in his official capacity and as part of a governmental function. The rationale of *Jackson v. Miller* is not applicable under these circumstances, and the trial court erred in denying summary judgment to Schmidt on the basis of his official immunity. Upon remand, the trial court is directed to enter summary judgment for Schmidt.

*Judgment reversed with direction. Cooper, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur but simply state that, giving due regard to the opinion of the Supreme Court of Georgia in *Cooper v. Swofford*, 258 Ga. 143 (368 SE2d 518) (1988), I adhere to the opinion expressed in the partial dissent in *Swofford v. Cooper*, 184 Ga. App. 50, 55 (360 SE2d 624) (1987).

DECIDED NOVEMBER 30, 1993.

*Johnson & Montgomery, Albert S. Johnson, Harry W. MacDougald, Robert H. Walling*, for appellant.
*John E. Talmadge*, for appellee.